UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

STEPHEN BRADLEY HALFERTY,    CASE NO. 22-00101-5-DMW
                                              CHAPTER 13
    DEBTOR

EVER-SEAL, INC.
Plaintiff
v.

STEPHEN BRADLEY HALFERTY    ADV. PROC. No. 22-00050-5-DMW
dba DURASEAL

Defendant

## ANSWER AND COUNTERCLAIM

NOW COMES Defendant, by and through undersigned counsel, and Answers and Counterclaims the Complaint filed on March 17, 2022.

1. Paragraphs 1-6 of the Complaint are denied.
2. Paragraph 7 of the Complaint is admitted.
3. No answer is required for paragraph 8 of the Complaint.
4. Paragraph 9 of the Complaint is admitted.
5. Paragraph 10 of the Complaint is denied because the only market in South Carolina is Greenville and there was limited activity in Virginia, Indiana and Alabama.
6. Paragraph 11 of the Complaint is admitted.
7. Paragraph 12 of the Complaint is denied. The Defendant was an independent contractor associated with Plaintiff during the time referenced.
8. Paragraphs 13-14 of the Complaint are admitted.
9. No answer is required for Paragraph 15 of the Complaint.
10. Paragraphs 16-18 of the Complaint are admitted.
11. Paragraphs 19-21 of the Complaint are denied.
12. Paragraphs 22-24 of the Complaint are admitted.
13. Paragraph 25 of the Complaint is denied.
14. Paragraphs 26-27 of the Complaint are admitted but the training was minimal.
15. Paragraph 28 of the Complaint is denied as it relates to Kentucky. As to Indiana there was only one job that was a referral. South Carolina was limited to Greenville.
16. Paragraph 29 of the Complaint is denied. The promotion occurred in early 2021.

17. Paragraphs 30-31 of the Complaint is denied to the extent the allegations are that an employer-employee relationship when the relationship was that of an independent contractor.
18. Paragraph 32 of the Complaint is largely denied although there was some information that Defendant did have access to.
19. Paragraph 33 of the Complaint is denied. The Defendant had no insight into the operational side of the Plaintiff. The Defendant's role was limited to estimating and sales.
20. Paragraphs 34-36 of the Complaint are admitted.
21. Paragraph 37 of the Complaint is denied. The agreement states that Defendant will not "enter employment or contract with, nor advise, another company or business entity that is in direct or indirect competition with Ever-Seal, Inc. or any of its entities for the same two-year period thereafter." Defendant is not violating this agreement. Even if the Defendant is in violation of the provision, the restrictions are unreasonable and unenforceable as to geographic, subject matter and temporal scope based on the information provided to the Defendant and the scope of his duties.
22. Paragraphs 38-42 of the Complaint are admitted as to the verbiage of the agreement but otherwise denied. The Plaintiff made material misrepresentations to induce the agreement. The Defendant was a contractor for the Plaintiff engaged in estimating and sales and was trained very little about a straight-forward process that requires no special knowledge or experience.
23. Paragraphs 43-45 of the Complaint are denied.
24. Paragraph 46 of the Complaint is denied. The Defendant has offered to return the materials.
25. Paragraph 47 of the Complaint is beyond the scope of the Defendant's knowledge and therefore denied.
26. Paragraph 48 of the Complaint is denied.
27. Paragraphs 49-52 of the Complaint are admitted.
28. Paragraphs 53-57 of the Complaint are denied.
29. Paragraph 58 is beyond the scope of the Defendant's knowledge and therefore denied.
30. Paragraph 59 of the Complaint is admitted to the extent that the territories in question are Wilmington NC, Greensboro, NC, Greenville, SC, Charleston, SC, Tampa, FL, Raleigh, NC, Charlotte, NC, Atlanta, GA and Jacksonville, FL.
31. Paragraph 60 of the Complaint is beyond the scope of the Defendant's knowledge and therefore denied but the product and processes are not proprietary and not unique to the Plaintiff. There are many contractors in this industry offering the same service.
32. Paragraphs 61-68 of the Complaint are denied.
33. Paragraphs 69-72 of the Complaint are denied. These matters are beyond the scope of the Defendant's knowledge. The Defendant denies that the damages are the result of conduct (intentional or unintentional) on his part.
34. No answer is required for Paragraph 73 of the Complaint.

35. Paragraph 74 of the Complaint is admitted.
36. Paragraph 75 of the Complaint is denied. The Confidentiality Agreement is not reasonable or necessary to protect the Plaintiff's interest. The Defendant agreed to the Confidentiality Agreement under false pretenses as set forth above.
37. Paragraph 76 of the Complaint is admitted.
38. Paragraph 77 of the Complaint is denied. The Defendant was not an employee of Plaintiff. The Defendant formed Duraseal and operates it.
39. Paragraph 78 of the Complaint is admitted.
40. Paragraphs 79-82 of the Complaint are denied.
41. Paragraph 83 of the Complaint is admitted.
42. Paragraph 84 of the Complaint is admitted but the Defendant offered to return the materials and Plaintiff did not respond.
43. Paragraph 85 of the Complaint is admitted.
44. Paragraphs 86-89 of the Complaint are denied.
45. No answer is required for Paragraph 90 of the Complaint.
46. Paragraphs 91-101 of the Complaint are denied.
47. Paragraph 102 of the Complaint is denied to the extent the Plaintiff is alleging that Defendant is seeking to interfere with its prospective customers based on information he obtained while he worked as an independent contractor for Plaintiff.
48. Paragraphs 103-105 of the Complaint are denied.

## COUNTERCLAIM

As a further defense and basis for setoff and Counterclaim, the Defendant alleges and says as follows:

1. Defendant incorporates herein his responses and defenses set forth above.
2. The Plaintiff agreed to pay Defendant for sales activity that he both generated and oversaw.
3. The Plaintiff has failed to pay the Defendant. Attached as Exhibit A is a spreadsheet reflecting the amount owed to Defendant by Plaintiff.
4. The Defendant prays that a judgment be entered against Plaintiff for damages in the amount of $49,124.31.

Dated: May 2, 2022                     SASSER LAW FIRM

/s/ Travis Sasser
Travis Sasser, State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, N.C. 27518
Tel: 919.319.7400
Fax: 919.657.7400
travis@sasserbankruptcy.com

|  | Earnings | Check 1 | Check 2 | Check 3 |
|---|---|---|---|---|
| 2020 Rollover | $ 45,000.00 |  |  |  |
| January | $ 3,885.40 | $ 1,267.55 | $ 2,263.15 | $ 4,168.46 |
| February | $ 16,498.80 | $ 2,934.59 | $ 3,145.05 | $ 4,335.34 |
| March | $ 16,858.20 | $ 1,684.34 | $ 2,292.90 | $ 5,114.24 |
| April | $ 32,816.10 | $ 3,528.13 | $ 4,485.37 | $ 4,152.41 |
| May | $ 11,785.48 | $ 4,881.51 | $ 5,419.14 | $ 4,996.84 |
| June | $ 16,843.80 | $ 2,636.24 | $ 6,499.06 | $ 5,830.90 |
| July | $ 16,944.60 | $ 7,173.00 | $ 8,918.89 | $ 2,756.83 |
| August | $ 5,754.20 | $ 3,478.98 | $ 4,011.28 | $ 1,344.90 |
| September | $ 8,401.82 | $ 1,115.75 | $ 3,032.00 | $ 593.40 |
| October | $ 20,527.20 | $ 469.38 | $ 6,290.68 | $ 1,363.32 |
| November | $ 2,030.00 | $ 4,493.80 | $ 3,017.20 | $ 1,165.56 |
| December | $ - | $ 2,679.60 | $ - | $ 2,151.90 |

| | | | | |
|---|---|---|---|---|
| YTD Earned Comm | $ 152,345.60 | | | |
| Sales Manager | $ 27,659.90 | YTD Sales | | 3,697,758 |
| Bonus YTD | $ 10,232.58 | Less Brad | $ | 931,768 |
| 2021 Compensation | $ 186,113.77 | | $ | 2,765,990 |
| Total Owed | $ 49,124.31 | | | |

| | |
|---|---|
| Sales | $ 1,023,258 |
| Close Rate | 43% |
| RPAL | $ 1,577 |
| Avg Sale | $ 3,641 |

| nsation | | |
|---|---|---|
| Check 4 | Check 5 | Total |
| $ 3,242.75 | $ 3,373.20 | $ 14,315.11 |
| $ 2,678.12 | | $ 13,093.10 |
| $ 3,430.09 | | $ 12,521.57 |
| $ 9,618.37 | $ 4,849.39 | $ 26,633.67 |
| $ 5,140.84 | | $ 20,438.33 |
| $ 3,723.87 | | $ 18,690.07 |
| $ 2,024.82 | $ 3,588.68 | $ 24,462.22 |
| $ 2,701.08 | | $ 11,536.24 |
| $ 4,722.38 | $ 6,112.20 | $ 15,575.73 |
| $ 3,362.24 | | $ 11,485.62 |
| $ 2,870.75 | | $ 11,547.31 |
| $ 962.70 | $ 20.60 | $ 5,814.80 |

## CERTIFICATE OF SERVICE

I, Travis Sasser of Cary, NC, certify that I am more than eighteen years old and that on the date stated I served copies of the foregoing Answer and Counterclaim via CM/ECF to Brian R. Anderson, Esq.

This the 2nd day of May, 2022.

                                                SASSER LAW FIRM

                                                By: s/ Travis Sasser
                                                Travis Sasser, State Bar No. 26707
                                                2000 Regency Parkway, Suite 230
                                                Cary, N.C. 27518
                                                Tel: 919-319-7400
                                                Fax: 919-657-7400