**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **STEPHEN BRADLEY HALFERTY,** | ) | **Case No. 22-00101-05-DMW** |
| | ) | **Chapter 13** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **EVER-SEAL, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | **Adv. Proc. No. 22-00050-5-DMW** |
| v. | ) | |
| | ) | |
| **STEPHEN BRADLEY HALFERTY** | ) | **JURY DEMAND** |
| **d/b/a DURASEAL,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT MOTION TO MODIFY PRETRIAL SCHEDULING ORDER

Plaintiff and Defendant (the "Parties"), by and through counsel, respectfully file this joint motion to modify the Court's Pretrial Scheduling Order [Doc. 27] ("Scheduling Order") to extend the discovery deadline and subsequent pretrial schedule by approximately 90 days. In support thereof, the Parties state as follows:

1.     On January 14, 2022, Defendant filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

2.     On March 17, 2022, Plaintiff commenced this adversary proceeding against Defendant [Doc. 1]. In its Complaint, Plaintiff demanded a jury trial on all claims.

3.      On May 2, 2022, Defendant filed his Answer and Counterclaim against Plaintiff [Doc. 21], and on May 23, 2022, Plaintiff filed an Answer to Defendant's counterclaim, again demanding a jury trial on all claims, including Defendant's counterclaim [Doc. 23].

4.      On June 28, 2022, the Court entered the current Scheduling Order.  The Parties have been diligently proceeding under the Scheduling Order.  The Scheduling Order provides that all discovery shall be completed by September 30, 2022 (the "Discovery Deadline"), all dispositive motions shall be filed by October 7, 2022, the pretrial order is due by October 21, 2022, and the final pre-trial conference is scheduled for October 24, 2022 (the "Subsequent Pretrial Deadlines").

5.      The Parties need a 90-day extension of the Discovery Deadline and a corresponding extension of the Subsequent Pretrial Deadlines in order to complete discovery and mediate this case and a related case to this action, as discussed below.

6.      Certain discovery issues remain outstanding that require an extension of the Discovery Deadline.  Plaintiff timely served discovery on Defendant. Defendant produced initial responses to Plaintiff's discovery requests on August 19, 2022, and subsequently produced additional documents.  In letters dated August 30, 2022 and September 19, 2022, Plaintiff alerted Defendant to deficiencies in Defendant's responses.  Currently, the parties are working to resolve outstanding discovery issues and need more time to do so.  Defendant's deposition was previously scheduled for September 28, 2022, but in order to proceed with the deposition, Plaintiff is still waiting for Defendant to make complete production of responsive documents, and Plaintiff will need time to review complete discovery responses and related document production once received from Defendant.   In addition, the Parties need additional time to work out issues relating to a

protective order for certain document requests Defendant served on Plaintiff. Neither party can competently file dispositive motions or prepare for trial under the current schedule without full and complete discovery responses.

7.     Additionally, Plaintiff and an entity owned by Defendant (DuraSeal, Inc.) are parties to a related action that was commenced in the U.S. District Court for the Middle District of Tennessee, Case No. 3:22-cv-00365 (the "Tennessee Action"). Just last week, on September 15, 2022, the Middle District of Tennessee transferred the Tennessee Action to this Court (copy of Order attached hereto as **Exhibit A**). Although Defendant is not a party to the Tennessee Action, that action involves claims, witnesses, discovery and legal issues that are similar to the claims, witnesses, discovery and legal issues in the present adversary proceeding. Additionally, the Tennessee Action includes a jury demand. In the interests of efficiency and judicial economy, Plaintiff anticipates moving to consolidate the transferred action with this adversary proceeding once the action is transferred to this Court. Discovery has not yet commenced in the Tennessee Action, and that action was transferred before the parties even made initial disclosures; that action is nowhere near ready for trial. Similarly, Plaintiff anticipates moving to withdraw the reference of the Tennessee Action to the U.S. District Court for the Eastern District of North Carolina (the "District Court"), as it has done in this case. (The motion to withdraw reference of the present action is still pending in the District Court). If the motion to withdraw is granted in either case, the Parties anticipate jointly asking the District Court for a scheduling conference to set a new scheduling order. Similarly, if the motion to withdraw is not granted but the cases are consolidated,

the Parties anticipate jointly asking for additional time to complete discovery related to the Tennessee Action.

8.     Furthermore, Plaintiff and Defendant have agreed to mediate this matter and the Tennessee Action in the hopes of reaching a global resolution. An extension of approximately 90 days of the Discovery Deadline and a corresponding extension of the Subsequent Pretrial Deadlines will allow the Parties to focus on attempting to resolve the case without spending valuable resources filing dispositive motions with this Court and preparing for trial without the benefit of full discovery.

9.     The September 30, 2022 Discovery Deadline and Subsequent Pretrial Deadlines has not passed, nor have any other extensions been sought.

10.     For good cause shown, the Parties seek an extension of approximately 90 days of the Discovery Deadline and a corresponding extension of the Subsequent Pretrial Deadlines.

WHEREFORE, the Parties respectfully request that the Court enter an order extending the Discovery Deadline by approximately 90 days, and a corresponding extension of the Subsequent Pretrial Deadlines. A proposed order is submitted with this Motion.

Respectfully submitted this the 23rd day of September, 2022.

FOX ROTHSCHILD LLP

By: /s/ *Brian R. Anderson*
    Brian R. Anderson
    N.C. State Bar No. 37989
    230 N. Elm St., Suite 1200
    Greensboro, NC 27401
    branderson@foxrothschild.com
    Tel: (336) 378-5205

-and-

SPENCER FANE LLP

By: ___ /s/ *Stephen J. Zralek* (appearing pro hac) ___
  Stephen J. Zralek
  T.N. Bar No. 18971
  511 Union Street, Suite 1000
  Nashville, TN 37219
  szralek@spencerfane.com
  Tel: (615) 238-6305

  Breanna R. Spackler
  M.O. Bar No. 67323
  1000 Walnut, Suite 1400
  Kansas City, MO 64106
  bspackler@spencerfane.com
  Tel: (816) 292-8487

*Attorneys for Plaintiff*

SASSER LAW FIRM

By: ___ /s/ *Travis Sasser* ___
  Travis Sasser
  N.C. Bar No. 26707
  2000 Regency Parkway, Suite 230
  Cary, NC 27518
  Tel: 919.319.7400
  Fax: 919.657.7400
  travis@sasserbankruptcy.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **JOINT MOTION TO MODIFY PRETRIAL SCHEDULING ORDER** was duly served upon the following by electronic means or by depositing same enclosed in a post-paid, properly addressed envelope in a Post Office or official depository under the exclusive care and custody of the United States Postal Service:

Travis Sasser, Esq.
2000 Regency Parkway, Suite 230
Cary, NC 27518
*Counsel for Defendant*

This the 23rd day of September, 2022.

         */s/ Brian R. Anderson*
         Brian R. Anderson

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EVER-SEAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:22-cv-00365 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| DURASEAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant DuraSeal, Inc.'s Motion to Dismiss for Lack of Jurisdiction and, In the Alternative, to Transfer Venue (Doc. No. 41, "Motion"). Via the Motion and supporting memorandum (Doc. No. 42), Defendant asks the Court to "dismiss this case for lack of jurisdiction or transfer this case to the U.S. Bankruptcy Court for the Eastern District of North Carolina." (Doc. No. 42 at 24). In a prior memorandum opinion (Doc. No. 62), this Court addressed the Motion, setting forth the procedural history of this case as well as an analysis of applicable issues, and concluded as follows:

> For the foregoing reasons, Defendant's Motion will be granted, and this action will be transferred to the United States Bankruptcy Court for the Eastern District of North Carolina. Before the Court enters an order granting the Motion and transferring this action, the Court orders the parties to provide additional briefing on two matters related to the outstanding Order to Show Cause (Doc. No. 40), on which briefing is now complete. (Doc. Nos. 45, 50, 56). Specifically, within two weeks of the entry of this memorandum opinion, each party shall submit a filing not to exceed fifteen (15) pages in length that addresses the issues of (1) whether the Court's forthcoming order finding that this Court lacks personal jurisdiction over Defendant means—because the Preliminary Injunction is void *ab initio* or for some other reason—that Defendant is not subject sanctions for the alleged violation of the Preliminary Injunction (Doc. No. 34), such that the Court's Order to Show Cause (Doc. No. 40) should be vacated; and (2) if Defendant indeed is subject to sanctions for the alleged violation of the Preliminary Injunction, whether this Court

would retain jurisdiction to hold the show-cause hearing as to such violations even after transferring the case to the transferee court.

(Doc. No. 62 at 28-29). Each party thereafter made a filing in response to the Court's directive. In its response, Plaintiff effectively addresses the second of the two specified issues issue by asserting and requesting that the Court transfer the entire case, including matters related to the Court's Order to Show Cause. (Doc. No. 64 at 2-3). Plaintiff does not address the first of the two specified issues, regrettably enough, perhaps because in its view this Court should not even be deciding the issue, *i.e.*, that the issue should be left to the transferee court. As for Defendant, it has effectively the same view regarding the second issue, stating that "even if Defendant were indeed subject to sanctions for the alleged violation of the Preliminary Injunction, this Court would not retain jurisdiction to hold the show-cause hearing as to such violations after transferring the case to the transferee court." (Doc. No. 66 at 2). As for the first issue, Defendant effectively contends (unsurprisingly) that no show-cause hearing should be held because sanctions are not legally permissible here because the preliminary injunction allegedly violated was issued by a court (this Court, obviously) that lacked the personal jurisdiction necessary to issue the preliminary injunction against Defendant in the first place.

Consistent with the parties' views that have been expressed, which strike the Court as sound, the Court will not presume to retain jurisdiction over any show cause hearing that conceivably could be appropriate despite the Court's finding that it lacks personal jurisdiction over Defendant. The Court instead will leave the decision whether to hold a show-cause hearing, and leave the holding of any show-cause hearing that potentially could occur, to the transferee court.

Plaintiff used its response to the Court's above-referenced memorandum opinion as an opportunity to ask the Court to revisit its decision to transfer this case to the *bankruptcy*, as opposed to the *district* court for the transferee district (the "Eastern District of North Carolina"). As

background, on March 17, 2022, Plaintiff commenced an adversary proceeding against Defendant

in the Bankruptcy Court for the Eastern District of North Carolina, asserting solely post-petition

claims against Defendant for breach of the Confidentiality Agreement and intentional interference

with business relations. (*See* Doc. No. 64-1 at 50). In its response to this Court's memorandum

opinion, Plaintiff asserts, in pertinent part:

> On July 20, 2022, Plaintiff filed a motion to withdraw the reference of its adversary claims against Halferty to the U.S. District Court in the Eastern District of North Carolina pursuant to 28 U.S.C. § 157(d). As set forth therein, the case against Halferty meets all the criteria for permissive withdrawal of the reference to Bankruptcy Court: the contract action is "non-core"; and Plaintiff has demanded a jury trial there (as it has here), which the Bankruptcy Court cannot conduct without Plaintiff's consent, which it has not provided. (Copy of Plaintiff's Mem. In Support of Mot. to Withdraw Reference attached hereto as Exhibit A). Halferty responded on August 3, 2022, and the Bankruptcy Court transferred the motion to the District Court for determination on August 4, 2022. The United States District Court for the Eastern District of North Carolina opened its separate related case (No. 5:22-mc-00014-FL) to decide whether the claims in the adversary proceeding should be decided in the district court rather than the bankruptcy court. For these reasons, Plaintiff respectfully urges this Court to transfer the case to the U.S. District Court for the Eastern District of North Carolina, rather than the Bankruptcy Court.

(Doc. No. 64 at 3). Defendant responds, in pertinent part:

> Defendant respectfully submits that the Court should deny Plaintiff's request in its brief asking this Court to transfer this case to the Eastern District of North Carolina District Court instead of the Bankruptcy Court. (Doc. No. 64, PageID# 969–70.) As of the date of this filing, Plaintiff's motion to withdraw reference to its adversary claims against Stephen Halferty individually remains pending before the Eastern District of North Carolina. In that case, Mr. Halferty's bankruptcy counsel has filed an opposition to Plaintiff's motion, arguing that Mr. Halferty's counterclaim is an estate asset, that the dispute is a core proceeding under 28 U.S.C. § 157(b)(2)(O), and that it would be "more efficient for th[e] adversary proceeding to remain in the Bankruptcy Court because the issues raised may intersect with and be impacted by confirmation of the plan." See Stephen Bradley Halferty's Response to Plaintiff's Motion to Withdraw Reference, attached hereto as Exhibit A; see also 28 U.S.C. § 157(b)(2)(O) ("Core proceedings include . . . other proceedings affecting the liquidation of the assets of the estate"). Defendant is mindful of the fact that Plaintiff's motion to withdraw reference is not before this Court and that the Court did not ask the parties to brief the issues raised in that motion. However, Defendant would note that Mr. Halferty's opposition to the motion to withdraw reference echoes this Court's determinations in its August 23,

2022 Memorandum Opinion that "Plaintiff's claims do not involve rights created by bankruptcy law and are not 'core' bankruptcy proceedings,'" that there is "relatedness between this action and the bankruptcy proceeding," that "[t]he outcome of the instant litigation could affect Defendant's liabilities as well as the administration of the estate," and "that judicial economy and efficiency are best served by transferring this action to the court where the bankruptcy case is already pending."

Given that the Eastern District of North Carolina has neither granted nor denied Plaintiff's motion—which was filed in July 2022—Defendant disagrees with Plaintiff's assertion that "recent events" justify altering the Court's August 23, 2022 Memorandum Opinion. (Plaintiff's unsolicited eleventh-hour request for transfer to the District Court instead of the Bankruptcy Court is yet another attempt at forum shopping. Defendant respectfully submits that the Court should transfer this case to the United States Bankruptcy Court for the Eastern District of North Carolina as decided in its Memorandum Opinion, such that the Bankruptcy Court may then decide how to handle Plaintiff's request.

(Doc. No. 66 at 12-13) (some citations omitted).

The Court comes down on the side of Defendant. As Plaintiff notes, "[a] motion to withdraw the reference to the bankruptcy court is governed by 28 U.S.C. § 157(d), which provides, in relevant part, '[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.'" (Doc. No. 64-1 at 6) (quoting 28 U.S.C. § 157(d)). True, "[t]he withdrawal of a reference transfers a dispute from the bankruptcy court to the district court." *Robert G. Furst & Assocs., Ltd. Defined Ben. Pension Plan v. ML Manager LLC*, No. CV-12-2304-PHX-FJM, 2013 WL 1866966, at *2 (D. Ariz. May 2, 2013). But a mere motion to withdraw the reference is another matter; as the statute indicates, it is up to the district court to order the withdrawal, and this cannot be said to have occurred merely because a motion for withdrawal has been filed. Here, the motion to withdraw remains pending (as far as the record in this case and the electronic docket from the Eastern District of North Carolina shows), and so there has not yet been—and may never be—a withdrawal of the reference. So Plaintiff has not established the (current) existence of a valid basis

for the Court to reconsider its decision to transfer this case specifically to the transferee district's bankruptcy court. The Court thus will adhere to its prior decision, and leave to the courts of the transferee district the decision whether the case should ultimately be transferred to the district court based on (perhaps among other things) any withdrawal the transferee district court subsequently may order.

## CONCLUSION

For the reasons set forth above, and in the Court's prior memorandum opinion (Doc. No. 62), the Court finds that transfer of this matter (in its entirety) to the United States Bankruptcy Court for the Eastern District of North Carolina is appropriate. The Clerk of this Court is directed to effectuate such transfer and close this file.

IT IS SO ORDERED.

Eli Richardson

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE