**SO ORDERED.**

**SIGNED this 1 day of November, 2022.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| STEPHEN BRADLEY HALFERTY, ) | Case No. 22-00101-05-DMW |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| ) | |
| EVER-SEAL, INC., ) | |
| ) | |
| Plaintiff, ) | Adv. Proc. No. 22-00050-DMW |
| v. ) | |
| ) | |
| STEPHEN BRADLEY HALFERTY ) | |
| d/b/a DURASEAL, ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure, the parties hereby stipulate to the issuance of the following Protective Order ("Order") limiting the disclosure of discovered information and agree to be bound by the restrictions of this Order limiting the use of such information as hereinafter provided.

**IT IS HEREBY AGREED TO AND ORDERED THAT:**

    **1.**    **_Scope_**

(a) All documents and information furnished by a party in conjunction with this litigation which contain or are derived from trade secrets or confidential, personal, private, or proprietary financial or commercial information ("Confidential Information") shall be designated CONFIDENTIAL and furnished to the other parties pursuant to the terms of this Order. The party receiving the Confidential Information shall treat it as proprietary information and shall not use or disclose the information except for the purpose set forth in this Order. The provisions of this Order extend to all Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition exhibits, and any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts, or summaries of such materials.

(b) All documents and information described in Paragraph 1(a) as Confidential Information and which are of such a private or commercially or competitively sensitive nature, such as certain documents or information reflecting, containing or derived from confidential pricing, revenue, cost, marketing, customer, personal and private, or financial information, that the information should be restricted to counsel of record (including members or associates of such counsel's firm) for the parties, including their firms' paralegal, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation, or to an outside expert who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting and/or testifying in this litigation ("Highly Confidential – Attorneys' Eyes Only Information") shall be designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and furnished to the other parties pursuant to the terms of this Order provided that such designation may be objected to pursuant

to the procedure set forth in Paragraph 7 pertaining to objections to designations.

2. **_Designation._** Documents or information may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY within the meaning of this Order in the following ways:

(a) In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on each page of any such document: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

(b) In the case of interrogatory answers, responses to requests for admissions and the information contained therein, designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY.

(c) In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from counsel to the court reporter, with copies to counsel of record, within thirty (30) days of receipt of the deposition transcript or copy thereof. The entire deposition transcript (including exhibits) shall be treated as Confidential and Highly Confidential – Attorneys' Eyes Only Information under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. Counsel also may agree to extend the time period for providing such designations. Before the above-referenced thirty-day period (and any agreed-to

extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript: "TREAT AS CONFIDENTIAL AND HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION UNTIL FURTHER DESIGNATION." After the above-referenced thirty-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION." Designated parts not to be used, copied or disclosed except as authorized by Court Order." If all or part of a videotaped deposition is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the videocassette or other videotape container shall be labeled with the legend provided for in paragraph 2(a) above.

(d) To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the producing party may designate such matter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by cover letter referring generally to such matter. Whenever any party to whom Computerized Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above.

(e) As with all materials reproduced from, derived from, or containing information contained in documents, interrogatories, requests for admission and/or testimony designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," to the extent

that any party or counsel for any party creates, develops or otherwise establishes any electronic or magnetic media, including any database, disc or tape, which contains information designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," that party and/or its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and/or Highly Confidential –Attorneys' Eyes Only Information.

**3.** *Use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information*. Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be used by any party, other than the producing party, solely for the purpose of conducting this litigation, and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law.

**4.** *Disclosure of Confidential Information*. Access to information designated "CONFIDENTIAL" pursuant to this Order shall be limited to:

(a) outside counsel of record in this case for the parties (including members or associates of such counsels' firm), as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

(b) outside photocopying, data processing or graphic production services utilized by the parties or their counsel to assist in this litigation;

(c) any outside expert who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting and/or testifying in this litigation;

(d) any party or any director, officer or employee of a party charged with the responsibility for making business decisions dealing directly with the resolution of this action, as well

as any employee or consultant of a party consulted by counsel in good faith for the purpose of assistance in connection with this litigation;

(e) any witness called to give testimony in this action at a deposition, hearing, or trial in this action, who in good faith is required to be shown or questioned about such material in the course of the witnesses' testimony, provided that such witnesses are not to retain copies of such documents following their testimony;

(f) any potential witness in this action, where a party's attorney determines in good faith that showing and questioning the potential witness about such material will assist in the preparation or the conduct of this litigation, provided that such potential witnesses shall not be permitted to possess or retain copies of such documents;

(g) this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, Court-appointed Special Masters, mediators, and referees, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(h) any other person to whom the party producing the information agrees in writing.

Confidential Information shall be disclosed under subparagraphs 4(d), (e) and 4(f) only where the party's counsel in good faith determines that the disclosure is appropriate to the effective prosecution or defense of the litigation.

**5.** ***Disclosure of Highly Confidential – Attorneys' Eyes Only Information***. Access to information designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Order shall be limited to:

(a) outside counsel of record in this case for the parties (including members and

associates of such outside counsel's firm), as well as their firms' paralegal, secretarial and clerical personnel who are engaged in assisting such outside counsel in this litigation;

(b) outside photocopying, data processing or graphic production services utilized by the parties or their counsel to assist in this litigation;

(c) any outside expert who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting and/or testifying in this litigation;

(d) a witness not employed by or affiliated with a party or an affiliate of a party called to give testimony in this action at a deposition, hearing or trial in this action, where a party's attorney determines in good faith that showing and questioning the witness about such material in the course of the witness' testimony would assist in the prosecution or defense of this action, provided that such witnesses are not to retain copies of such documents following their testimony;

(e) any potential witness who authored or received the particular material sought to be disclosed to that person, provided that such potential witnesses shall not be permitted to possess or retain copies of such documents;

(f) any potential witness where the document or testimony makes reference to the actual or alleged conduct or statements of the potential witness, provided that no portion of the document or testimony other than that which specifically refers to such conduct or statement is disclosed to the potential witness and the potential witness shall not be permitted to possess or retain copies of such documents; and

(g) this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, Court-appointed Special Masters, mediators, and referees, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or

argument at any deposition, hearing, trial or appeal in this litigation; and

      (h)    any other person to whom the party producing the information agrees in writing.

6. ***Notification and Certification of Compliance with Order.*** Confidential Information and Highly Confidential – Attorneys' Eyes Only Information shall not be disclosed to persons described in paragraphs 4(c), 4(d), 4(f), 5(c), (e), or (f) unless and until such person has executed a Certification in substantially the form attached hereto as Exhibit A. The originals of such Certifications shall be maintained by counsel for the party who obtained them until the final resolution of this litigation. Upon a showing of good cause to the Court, copies of all executed Agreements shall be provided to the counsel for opposing parties. The prohibitions in this Section include either direct or indirect disclosure, including but not limited to any disclosure by counsel or experts.

7. ***Objections to Designations.*** A party shall not be obligated to object to the propriety of a designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the time made, and a failure to do so shall not preclude a subsequent objection thereto. In the event a party objects to the designation under this Order by another party of any material, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the Court for a ruling that the material shall not be so treated, giving notice to the party which has designated the material. The designating party shall bear the burden of defending its designations. If the parties are unable to reach an accord and if no application to the Court is made, the material will remain as designated. Any information which had been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," but which is subject to a dispute as to its proper designation, shall be treated in accordance with its putative

designation pending resolution of the dispute.

8. *__Filing of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.__*  If a Party desires to file materials with the Court or disclose in Court filings information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Party shall take all steps required by the Court to file the materials under seal pursuant to Local Rule 5005-4(6).  The Parties acknowledge that the decision to seal a document or filing is a matter for the Court's discretion.  If the Court unseals a document that was previously designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," a Party may request that the document be withdrawn, in order to avoid the public disclosure thereof

9. *__Use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information at Trial or Hearing.__*  A party may, subject to the rules of evidence and further Orders of the Court, use any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information for any purpose at trial or at any hearing before a judicial officer in this litigation, provided that reasonable notice (except in unforeseen circumstances, at least 48 hours in advance) is given to counsel for the party who produced the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, and provided further that such counsel may at the time of such proposed use, and prior to the disclosure of the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, move for an appropriate protective order. In requiring reasonable notice of proposed use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, this Order does not seek to require a separate notice procedure; rather good faith compliance by any party with this Court's pre-hearing and/or pretrial requirements to disclose the documents proposed for use at hearing or trial and/or the filing of a pleading from which the intent to use specific confidential information (referenced by bates number or other specific designation) at trial or hearing is made clear

shall constitute compliance with this notice requirement. To the extent that the producing party is provided less than forty-eight (48) hours notice of the intent of another party to use Confidential Information or Highly Confidential – Attorneys' Eyes Only Information at trial or hearing, this Court will afford such time as is reasonably necessary for the producing party to confer with the appropriate persons to determine the extent to which a protective order may be necessary and to move for the same.

10. ***Preservation of Rights and Privileges.*** Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, or of any right which any party may have to assert such privilege at any stage of this litigation.

11. ***Freedom to Advise Clients.*** Nothing in this Order shall bar or otherwise prevent any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information; provided however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not directly or indirectly disclose the contents or source of any confidential information produced by another party to this litigation to any person who is not authorized to receive such information under the provisions of this Order.

12. ***Return of Materials.*** Within thirty (30) days after the final resolution of this litigation, all Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information

produced by a party, including copies, abstracts, summaries, databases or other information, shall be destroyed with a certificate of destruction provided or, at the request of the party that produced the information, returned to counsel for that party.

Notwithstanding the foregoing, counsel may retain in perpetuity: (1) an archival copy of materials designated Confidential or Highly Confidential – Attorneys' Eyes Only; and (2) any materials which contain or reflect Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information, but which constitute or reflect counsel's work product. Counsel shall maintain such files, information, and materials in accordance with the provisions of this Order.

13. ***Inadvertent or Unintentional Disclosure***. The inadvertent or unintentional disclosure by the producing party of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information (an "Inadvertently Produced Protected Document"), regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of an Inadvertently Produced Protected Document, the producing party shall within ten days designate such information as Confidential or Highly Confidential – Attorneys' Eyes Only. Nothing contained within this paragraph prevents a party from challenging such a designation of documents or information as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the procedures contained in paragraph 7.

14. A party's compliance with the terms of this Order shall not operate as an admission regarding the confidentiality, admissibility, or privileged nature of any document or information.

15. Any party or person in possession of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information or an Inadvertently Produced Protected Document with respect to

which the producing party has asserted a claim of work product in accordance with paragraph 12 who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information or Highly Confidential – Attorneys' Eyes Only Information or an Inadvertently Produced Protected Document, shall promptly give written notice by facsimile to counsel for the party who produced or designated the materials as confidential or privileged identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information or an Inadvertently Produced Protected Document that such information or document is either confidential or protected work product, subject to Protective Order and may not be disclosed without either the consent of the party that produced the Confidential Information, Highly Confidential – Attorneys' Eyes Only Information or designated the document as an Inadvertently Produced Protected Document, or by court order. The person subject to the subpoena or other process shall not produce or disclose the requested information until ordered to do so by a court of competent jurisdiction or obtaining the requisite consent as described in this Order.

16. This Protective Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise, in this litigation, unless the non-party waives the protection of this Protective Order. This Protective Order shall also apply to non-parties who are afforded access to documents or information produced during discovery in this litigation, whether by deposition, production of documents or otherwise.

17. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for

enforcement of the provisions of this Order following the final resolution of this litigation.

18. This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court made upon reasonable written request.

**ON THIS, the 10th day of October, 2022, IT IS SO STIPULATED BY:**

/s/ *Brian R. Anderson*
Brian R. Anderson
N.C. State Bar No. 37989
FOX ROTHSCHILD LLP
230 N. Elm St., Ste. 1200
Greensboro, NC 27401
branderson@foxrothschild.com
(336) 378-5205

-and-

/s/ *Stephen J. Zralek*
Stephen J. Zralek
T.N. Bar No. 18971
SPENCER FANE BONE MCALLESTER
511 Union Street, Suite 1000
Nashville, TN 37219
Tel: (615) 238-6305
Fax: (615) 687-2763
szralek@spencerfane.com

Breanna R. Spackler
M.O. Bar No. 67323
SPENCER FANE LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
Tel: (816) 292-8487
Fax: (816) 474-3216
bspackler@spencerfane.com

*Attorneys for Plaintiff*

/s/ *Travis Sasser*
Travis Sasser
N.C. State Bar No. 26707
SASSER LAW FIRM
2000 Regency Parkway, Suite 230
Cary, NC 27518
Tele: 919.319.7400
Fax: 919.657.7400
travis@sasserbankruptcy.com

*Attorney for Defendant*

END OF DOCUMENT

EXHIBIT A

FORM OF CERTIFICATION

1. My name is _____. I live at _____. I am employed as (state position) _____ by (state name and address of employer) _____.

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____ 2022.

    By: _____