**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**Adversary Proceeding #: 22-00050-5-DMW**

| | | |
|---|---|---|
| EVER-SEAL, INC. | ) | |
| Plaintiff, Counterclaim Defendant | ) )  | **STEPHEN BRADLEY HALFERTY'S** |
| | ) | **MOTION FOR CONTINUANCE** |
| v. | ) | **AND** |
| | ) | **MOTION TO AMEND PRETRIAL** |
| STEPHEN BRADLEY HAFERTY | ) | **SCHEDULING ORDER** |
| | ) | |
| | ) | |
| Defendant, Counterclaim Plaintiff | ) | |

_____

Stephen Bradley Halferty through undersigned counsel moves for (1) a continuance of the currently scheduled May 17, 2023 Hearing on Plaintiff's Partial Motion for Summary Judgment [Doc. 56] and (2) an amended scheduling order in this action. In support thereof, Defendant states as follows.

**The Undersigned Counsel has Scheduling Conflicts with the May 17, 2023 Summary Judgment Hearing**

1.      After Ever-Seal filed the PSJ Motion and a brief on April 21, 2023, a hearing was set for May 17, 2021. Halferty has also moved for an extension of time to respond to Plaintiff's brief pursuant to FCRP 6. If that extension is granted, the current May 17 hearing date would be before Defendant's brief is due.

2.      Additionally, the undersigned is taking a deposition on May 17, 2023 in an arbitration with a hearing set for June 22, 2023. That case was filed in the Fall of 2021.

**Defendant obtained new counsel for the Adversary Proceeding and a related "Companion Case" filed by Ever-Seal in the Eastern District of North Carolina.**

3.      In the Fall of 2022, Ever-Seal moved for this proceeding to be transferred to the Eastern District of North Carolina [the "Motion to Withdraw Reference") so it would be litigated

1

with another Ever-Seal action related to Mr. Halferty filed by Ever-Seal in the EDNC with file number 5:22-mc-00014-FL (hereafter "Companion Case").

4.    When Ever-Seal's Motion to Withdraw Reference of the Adversary Proceeding was denied in part on February 27, 2023 by Judge Flanagan, Halferty then retained the undersigned to represent him in the Adversary Proceeding <u>and</u> the Companion Case. A Notice of Appearance was filed in this court and an Answer was filed in the Companion Case on March 15, 2023. **Exhibit A (Defendant's Answer in Companion Case)**

5.    If Ever-Seal's Motion to Withdraw Reference of the Adversary Proceeding had been granted by Judge Flanagan, the undersigned would have never been retained to appear in the Bankruptcy Court and Ever-Seal's "case" would have essentially started anew per EDNC local scheduling order rules.

6.    Importantly, if Ever-Seal had obtained the relief it sought in the Motion to Withdraw Reference, which would have put all of its claims against Halferty in the EDNC, the discovery deadline would be February 12, 2024.  **Exhibit B (EDNC Case Management Order) ("All discovery shall be commenced or served in time to be completed by February 12, 2024").**

7.    And, if Ever-Seal had obtained the relief it sought in the Motion to Withdraw Reference, which would have put all of its claims against Halferty in the EDNC, the deadline for Defendant Halferty to amend his answer would be July 12, 2023. **Exhibit B**

8.    The Answer filed in the Companion Case raises several Affirmative Defenses Halferty wishes to ensure that he is able to preserve his right to assert these defenses in the Adversary Proceeding and any jury trial heard in the EDNC if an appeal of the Bankruptcy Court's judgment is made. **[Exhibit A]**  Amending the pre-trial scheduling order to allow Mr.

Halferty to assert these affirmative defenses, in addition to ones already asserted and preserved, allows for this.

9.     And critically, allowing for one amendment does not prejudice Ever-Seal because they are going to have to address these same affirmative defenses in the EDNC Companion Case.

## These Motions are Not Being Interposed for Purposes of Delay of the Adversary Proceeding

10.     After timely answering the Complaint in the Companion Case now being heard in the EDNC, the undersigned emailed Ever-Seal's counsel on March 21, 2023 about this Adversary Proceeding, specifically asking about a consent amendment to the scheduling order and noting the "discovery completed by date."

 Gmail

Garrett Davis <gd@garrettdavislaw.com>

**Fwd: 22-00050-5-DMW Notice of Substitution of Counsel**
1 message

**Garrett Davis** <gd@garrettdavislaw.com>                                        Tue, Mar 21, 2023 at 3:35 PM
To: knelson@foxrothschild.com, "Anderson, Brian R." <branderson@foxrothschild.com>

Kip/Brian,

I was working on something for this case and then saw this notice that the TN atty's are out and thought what is the harm in a phone call to see what your thoughts were.

There was a scheduling order entered well before I knew anything about this that has a "discovery completed by" date in a few weeks.

Are you open to consent amending that to allow for 1 set of discovery requests to be responded to before I take Nelson's and Ever-Seal's 30b6 deposition?

Thanks,

Garrett



**Garrett L. Davis, Atty.**
555 S. Mangum St. Ste. 100
Durham, NC 27701
gd@garrettdavislaw.com
919.321.1203

11. Ever-Seal's attorney replied "We will confer with our client and get back to you." **[Exhibit C]**

12. With no response to the undersigned's March 21 2023 request for a consent order, prior to the expiration of the discovery deadline in this case on April 4, 2023 the undersigned served additional Interrogatories and Requests for Production to Ever-Seal. **[Exhibit D**]

13. Ever-Seal has recently filed an objection **[Exhibit D]** to responding to this discovery based purely on the scheduling order in place prior to Halferty's retention of the undersigned to represent him in this adversary proceeding and the new action in the EDNC (e.g. the "Companion Case"). Ever-Seal's objection to responding to discovery is excerpted below.

> Ever-Seal, Inc. objects to the Interrogatories and Requests for Production on the basis that discovery in this matter has now closed. Pursuant to the Court's Amended Pretrial Scheduling Order entered November 16, 2022, "[a]ll discovery shall be completed by April 7, 2023." Indeed, all motions had to be filed by April 21, 2023, a motion for summary judgment has been filed, and both a hearing on that motion and a final pretrial conference have been scheduled. Accordingly, Ever-Seal, Inc. need not respond to the discovery requests. *See, e.g., Valcarcel v. ABM Indus.*, 383 F. Supp. 3d 563, 565 (M.D.N.C. 2019); *Redmon v. Globe Life & Accident Ins. Co.*, No. 1:14

14. The undersigned acknowledges the effect of Court's scheduling order and the previous ones entered in the case [Doc. 27, 35, 42] as well as the courts' interest efficient resolution of cases on its docket. However, essentially, Ever-Seal is objecting to responding to discovery requests on technical grounds that it is going to have to substantively respond or object to very soon in the Companion Case pending in the EDNC, which will be served shortly after Ever-Seal makes its initial disclosures, which are due on May 12, 2023. **[Exhibit B]**

15. If Halferty served the same Interrogatories and Requests for Production on May 12, 2023 to Ever-Seal in the EDNC, assuming one 30 day extension granted by the court or by

stipulation between counsel, Ever-Seal's substantive responses to the discovery it is objecting to in this Adversary Proceeding would be due by Tuesday July 11, 2023.

16. Allowing Halferty to obtain additional discovery in this Adversary Proceeding will assist his recently retained counsel in his defense.

17. Allowing Halferty to obtain additional discovery in this Adversary Proceeding, including depositions, will ensure that these claims, counterclaims, and defenses, are fully and fairly resolved on their merits and minimize the risk of inconsistencies between the Adversary Proceeding and the Companion Case in the EDNC.

18. Moreover, Ever-Seal's pleadings have consistently affirmed the company's desire for a jury trial, which can only happen in the EDNC action. If evidence that Halferty would be entitled to via discovery in the EDNC Action is not allowed to be obtained and used in the Adversary Proceeding, and then that evidence is placed before court and the jury in the EDNC, the are several possible complicated issues that could arise on appeal which would be obviated if the Court grants the Continuance and Amended Pre-Trial Order requested in these Motions.

**There is good cause to grant this extension because it will result in the efficient use of the debtor's financial resources, counsel's time, and overall federal judicial resources.**

19. There is good cause to grant this extension because it will result in the efficient use of a debtor's financial resources, counsel's time, and overall federal judicial resources.

20. It is emphasized that Ever-Seal has also initiated a related action the EDNC (e.g. the "Companion Case") and discovery has recently commenced in that case. Pursuant to FCRP 30, Mr. Halferty may notice the depositions of Ever-Seal and its president, Steve Nelson at any time without leave of the court.

**21.** If the Bankruptcy Scheduling Order is amended, it is possible that the attorneys will be able to coordinate to avoid potentially duplicative depositions and generally coordinate

discovery and related disputes, which are likely because Ever-Seal's Complaint in the EDNC and in this Adversary Proceeding are virtually identical. **Compare Exhibit E with Doc. No. 1.**

<u>**REQUEST FOR RELIEF**</u>

In light of the foregoing, Defendant Stephen Halferty requests the court:

(1) Continue the May 17, 2023 hearing on Plaintiff's Partial Motion for Summary Judgment [Doc 56] until further notice.

(2) For an amended scheduling order with the following dates.

    a. Any amended pleadings by Defendant shall be submitted by May 19, 2023

    b. All discovery shall be completed by July 6, 2023

    c. All motions shall be filed by July 20, 2023.

(3) For any further relief the court deems just and proper.

Pursuant to Local Rule 9072-1, a proposed order is attached as **Exhibit F** to this motion.

Respectfully submitted, this the 5th day of May, 2023.

<u>*/s/ Garrett L. Davis*</u>
Garrett Davis
NC Bar # 52605
Law Office of Garrett Davis
555 S. Mangum St. 100
Durham, NC 27701
gd@garrettdavislaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on May 5, 2023, I served a copy of this document on Plaintiff's Counsel of Record via the Court's ECF system.


Kip Nelson
Brian R. Anderson
Fox Rothschild LLP
230 N. Elm Street
Suite 1200
Greensboro, NC 27401
336-387-5205
knelson@foxrothschild.com
branderson@foxrothschild.com