IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STEPHEN BRADLEY HALFERTY, ) | Case No. 22-00101-5-DMW |
| ) | |
| Debtor. ) | |
| ) | |
| EVER-SEAL, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Adv. Proc. No. 22-00050-5-DMW |
| ) | |
| STEPHEN BRADLEY HALFERTY, d/b/a ) | JURY DEMAND |
| DURASEAL, ) | |
| ) | |
| Defendant/Counter-Claimant. ) | |

**PLAINTIFF/COUNTER-DEFENDANT'S MEMORANDUM IN OPPOSITION TO DEFENDANT/COUNTER-CLAIMANT'S MOTIONS TO CONTINUE HEARING, AMEND SCHEDULING ORDER, AND EXTEND DEADLINE**

On May 5, 2023, Defendant/Counter-Claimant Stephen Bradley Halferty filed three motions: a motion to continue a summary judgment hearing (Doc. 58), a motion to amend the Court's scheduling order (Doc. 59), and a motion to extend his deadline to file a response to the summary judgment motion (Doc. 60). Pursuant to E.D.N.C. LBR 7007-1(b), Plaintiff/Counter-Defendant Ever-Seal, Inc. provides the following consolidated response to all three motions.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 8, 2022, Ever-Seal filed a complaint against Halferty in the United States District Court for the Middle District of Tennessee. The Tennessee court entered a temporary restraining order. *Ever-Seal, Inc. v. Halferty*, No. 3:22-cv-00082, 2022 WL 418692 (M.D. Tenn. Feb. 10, 2022). Unbeknownst to Ever-Seal, Halferty had filed a Chapter 13 bankruptcy petition a few weeks earlier. *See* Doc. 1 ¶ 7; Doc. 21 ¶ 2. When the Tennessee court was informed of the

bankruptcy case, the Tennessee court stayed further proceedings in the matter. Doc. 22 in Case No. 3:22-cv-00082.

On March 17, 2022, Ever-Seal commenced this adversary proceeding against Halferty via a Verified Complaint. Doc. 1. Ever-Seal asserted claims for breach of contract and intentional interference with business relations under Tennessee law. *Id.* Ever-Seal sought compensatory and punitive damages as well as injunctive relief. *Id.* The pleadings closed on May 23, 2022. *See* Doc. 23.

On June 23, 2022, the parties filed a joint Rule 26(f) report and requested "that fact discovery be allowed to commence immediately after the Preliminary Conference and conclude on March 31, 2023." Doc. 26. The Court declined to adopt that request and in its pretrial scheduling order stated that "[a]ll discovery shall be completed by September 30, 2022." Doc. 27.

On September 23, 2022, the parties filed a joint motion to modify the scheduling order and extend the discovery deadline by 90 days. Doc. 32. The Court obliged by granting the motion and extending the discovery deadline to December 20, 2022. Doc. 33.

Following a status conference, the Court subsequently amended the scheduling order again and ordered that "[a]ll discovery shall be completed by April 7, 2023," and "[a]ll motions shall be filed by April 21, 2023." *See* Doc. 42.

With no additional extensions requested or granted, discovery closed on April 7, 2023. In accordance with the scheduling order, as amended, Ever-Seal then filed a motion for partial summary judgment and accompanying memorandum. *See* Docs. 52, 53. The Court has scheduled the hearing on the summary judgment motion for May 17, 2023. Doc. 56. The final pre-trial conference has been rescheduled for June 13, 2023. Doc. 57.

On May 5, 2023, two full weeks after the motion deadline passed and the summary judgment motion was filed, Halferty filed the instant motions.

## ARGUMENT

This adversary proceeding has been pending for more than a year. The time has come to resolve it. Halferty's decision to engage new counsel should not prejudice Ever-Seal or disrupt the orderly flow of this Court's proceedings.

As an initial matter, Halferty fails to acknowledge that the motions themselves are untimely. Per this Court's amended scheduling order, "all motions" were to be filed by April 21, 2023. Doc. 42. Halferty provides no reason why he should be permitted to ignore the Court's deadline. That deficiency alone is a basis to deny the motions. *See Michael Borovsky Goldsmith LLC v. Jewelers Mut. Ins. Co.*, 359 F. Supp. 3d 306, 315 (E.D.N.C. 2019) ("[Plaintiff] should have filed its motion by the deadline established in this court's scheduling order. It did not, and the court denies the motion as untimely.") (internal citation omitted).

But even if they were deemed timely, the motions do not present good cause. "The good cause standard focuses on the timeliness of the [action] and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *United States v. Oudeh*, No. 5:18-CV-9-D, 2023 WL 3079369, at *5 (E.D.N.C. Apr. 25, 2023) (internal quotation omitted). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded, and a movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the scheduling order." *Id.* (internal quotations omitted). Halferty has not demonstrated any such reasons here. Engaging new counsel is not a sufficient reason. *Id.* Halferty made the strategic decision to conduct discovery in the manner he did; he is stuck with the

consequences.  *See Infernal Tech., LLC v. Epic Games, Inc.*, 339 F.R.D. 226, 229 n.2 (E.D.N.C. 2021).

Halferty "was not diligent and cannot now attempt to modify the scheduling order." *Neighborhood Networks Pub'g, Inc. v. Lyles*, No. 7:19-CV-89-BO, 2021 WL 328844, at *6 (E.D.N.C. Feb. 1, 2021).  If the Court were to grant the motions, it "would have to reopen discovery and abandon the entire schedule in an already much-delayed case."  *See Cahoon v. Edward Orton, Jr. Ceramic Found.*, No. 2:17-CV-63-D, 2020 WL 918753, at * 5 (E.D.N.C. Feb. 24, 2020).  "To acquiesce in [Halferty's] unjustified delay here would disrupt proceedings in this case and set a precedent that could undermine compliance with scheduling orders in future cases."  *See Thompson Auto. Labs, Inc. v. Ill. Tool Works Inc.*, No. 5:15-CV-282-FL, 2017 WL 9802759, at *4 (E.D.N.C. Dec. 11, 2017).

Moreover, none of the reasons proffered by Halferty constitute good cause here.  For example, Halferty's counsel asserts that he is "taking a deposition on May 17, 2023."  But surely a federal court hearing takes precedence over a deposition scheduled in an arbitration proceeding.[1]  Halferty's motions do not even indicate when his counsel might be available for a hearing on the pending summary judgment motion.  A singular conflict is not good cause to continue a hearing "until further notice."  *See* Doc. 58 at 6.

Similarly, Halferty requests an additional month to respond to the pending summary judgment motion.[2]  Doc. 60.  Yet, he provides no real reason why that additional time is necessary.  Halferty asserts the summary judgment motion "raises novel questions of North Carolina and

---

[1] If the Court is inclined to set the summary judgment hearing for a different date during the week of May 15 to accommodate Halferty's counsel's schedule, Ever-Seal does not object.

[2] The motions assert that Halferty's current response deadline is May 15, 2023, but pursuant to E.D.N.C. LBR 7007-1(b) the deadline is actually May 12, 2023.

Federal Law" but does not identify what those novel issues are. Further, Halferty's requested extension would make his brief due a week before the final pretrial conference. The Court has indicated that it is poised to resolve this matter; Halfery has presented no good cause to delay the proceedings.

Further, Halferty suggests that he wants to file an amended answer in this case—but he neither attaches a proposed amended answer nor provides any reason why he could not have raised additional affirmative defenses earlier. The deadline to amend the pleadings has long since passed. Amendments were initially due by August 5, 2022, which was later extended to December 9, 2022. Docs. 27, 42. Whatever happens in the separate case against DuraSeal, Inc. (pending in the United States District Court for the Eastern District of North Carolina), Halferty is simply wrong to state that allowing for an untimely amendment now, after the close of discovery and after a summary judgment motion has been filed, would not prejudice Ever-Seal. *See Taveney v. Int'l Paper Co.*, No. 4:19-CV-103, 2022 WL 909403, at *2 (E.D.N.C. Mar. 28, 2022) (explaining that although early amendments are freely permitted, "once a court enters a scheduling order . . . with a deadline concerning amendments to pleadings, and the deadline expires, the process changes"). To be sure, Halferty's company may be able to obtain certain discovery items in the other case—but that "does not excuse [his] failure to seek them during the discovery period" in this case. *See Artis v. Murphy-Brown LLC*, No. 7:14-CV-237-BR, 2018 WL 3352639, at *4 (E.D.N.C. July 9, 2018).

Finally, Halferty's motions suggest that he has not had ample time to conduct discovery in this case. Halferty overlooks the lengthy discovery period that was provided and baldly asserts that he should now be entitled to take depositions and obtain documents in an additional three months of discovery. Not so. As explained in Ever-Seal's responses to Halferty's untimely discovery requests, a party is not required to respond to discovery after the discovery deadline.

*See, e.g.*, *Valcarcel v. ABM Indus.*, 383 F. Supp. 3d 563, 565 (M.D.N.C. 2019); *Redmon v. Globe Life & Accident Ins. Co.*, No. 1:14 CV 144, 2015 WL 13590402, at *2 (W.D.N.C. Mar. 16, 2015); *In re Skyport Global Commc'ns, Inc.*, 408 B.R. 687, 692-93 (Bankr. S.D. Tex. 2009). Likewise, a party is not required to submit to a deposition after the discovery period has closed. *Infernal Tech.*, 339 F.R.D. at 229.

## CONCLUSION

For the foregoing reasons, Halferty's motions should be denied.

Respectfully submitted this the 8th day of May, 2023.

        FOX ROTHSCHILD LLP

        By: /s/ Kip D. Nelson
           Kip D. Nelson
           N.C. State Bar No. 43848
           Brian R. Anderson
           N.C. State Bar No. 37989
           230 N. Elm St., Suite 1200
           Greensboro, NC 27401
           knelson@foxrothschild.com
           branderson@foxrothschild.com
           Tele: (336) 378-5200

        *Attorneys for Plaintiff*