UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Adversary Proceeding #: 22-00050-5-DMW

| | |
|---|---|
| EVER-SEAL, INC.  )  )  Plaintiff, Counterclaim Defendant )  v. )  )  STEPHEN BRADLEY HALFERTY )  )  Defendant, Counterclaim Plaintiff )  ) | NOTICE OF SUPPLEMENTAL AUTHORITIES |

Defendant, by and through counsel, identifies the following supplemental authorities and cases for consideration at the October 31, 2023 Hearing on Defendant's First Motion For Preliminary Evidence Ruling pursuant to Rule 104.

### Rule Evid. 807

Fed. R. Evid. 807 ("COMMITTEE NOTES ON RULES-2019 AMENDMENT)

*United States v. Lucas,* No. 18-4069, at *6; n.3 (4th Cir. Dec. 4, 2020) ("The 2019 amendment to Rule 807 requires judging a statement's trustworthiness based on the totality of the circumstances, including corroborating evidence") ("This trustworthiness requirement …serves as a surrogate for the declarant's in-court cross-examination.") (UNPUBLISHED)

*Baumel v. Barber Power Law Grp.*, Civil Action 3:22-CV-00170-GCM-SCR, at *5 (W.D.N.C. Sep. 18, 2023) ("The hallmark of Federal Rule of Evidence 807 is that the hearsay statement sought to be admitted is trustworthy.") (citing *United States v. Lucas)*

*United States v. Moore*, 824 F.3d 620, 624 (7th Cir. 2016) (finding district court erred by not admitting evidence under Rule 807 where the declarant "had no obvious reason to lie" at the time he made the statement at issue).

*Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 232 (2d Cir. 1999) (noting that there are four classes of risk peculiar to hearsay evidence: "those of (1) insincerity, (2) faulty perception, (3) faulty memory and (4) faulty narration, each of which decreases the reliability of the inference from the statement made to the conclusion for which it is offered.")

*Lerner & Rowe PC v. Brown Engstrand & Shely LLC,* No. CV-21-01540-PHX-DGC, at *8 (D. Ariz. May 18, 2023) (admitting out-of-court statements under Rule 807 because they were the "most probative evidence on a central issue[.]")

**Rule Evid. 701**

*Mathis v. Terra Renewal Servs.,* 69 F.4th 236, 247 (4th Cir. 2023) ("under Federal Rule of Evidence 701, we have previously held that such opinions must be based on the witness'[s] actual perception of events and "helpful to the jury in understanding those events.")

*United States v. Rollins*, 544 F.3d 820, 832–33 (7th Cir.2008) (holding that a law enforcement agent's testimony was admissible under Rule 701(c), even though the agent had "years of experience as a law enforcement officer," because "his understanding of the[ ] conversations came only as a result of the particular things he perceived from monitoring intercepted calls" and his testimony was based on his "perceptions derived from [that] particular case").

Date: October 17, 2023

*/s/ Garrett L. Davis*
**Law Office of Garrett Davis, PLLC**
Garrett L. Davis
NC Bar # 52605
555 S. Mangum St. Ste. 100
Durham, NC 27701
gd@garrettdavislaw.com

## **CERTIFICATE OF SERVICE**

  I certify that on October 17, 2023, I served a copy of this document on Plaintiff's Counsel of Record via the Court's ECF system.

*/s/ Garrett L. Davis*

Kip Nelson
Brian R. Anderson
Fox Rothschild LLP
230 N. Elm Street
Suite 1200
Greensboro, NC 27401
336-387-5205
knelson@foxrothschild.com
branderson@foxrothschild.com