# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>STEPHEN BRADLEY HALFERTY, )<br>)<br>Debtor. ) | Case No. 22-00101-5-DMW |
| EVER-SEAL, INC., )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>STEPHEN BRADLEY HALFERTY, d/b/a )<br>DURASEAL, )<br>)<br>Defendant/Counter-Claimant. ) | Adv. Proc. No. 22-00050-5-DMW<br><br>JURY DEMAND |

## EVER-SEAL, INC.'S RESPONSE TO "DEFENDANT'S FIRST MOTION FOR PRELIMINARY EVIDENCE RULING RULE OF EVIDENCE 104"

Pursuant to Local Rule 7007-1(b), Ever-Seal, Inc. submits this response to Debtor Stephen Halferty's "Motion for Preliminary Evidence Ruling" filed on September 27, 2023.

### STATEMENT OF FACTS

Mr. Halferty filed a motion asking the Court "to make a preliminary ruling on newly discovered evidence which includes recorded out-of-court statements of a non-party." (Doc. 87 at 1). According to Mr. Halferty, his attorney had a conversation on September 23, 2023, with someone "who has direct firsthand knowledge of relevant facts." (*Id.* at 3). The motion does not explain who the individual is, what circumstances led to the conversation, how the conversation was recorded, or any other background information.

# ARGUMENT

1. **The motion is an improper use of Rule of Evidence 104**

Rule of Evidence 104 provides that the Court must "decide any preliminary question about whether . . . evidence is admissible." The Rule necessarily assumes that the issue is decided in the context of some proceeding that gives the evidentiary question concreteness. *See* Fed. R. Evid. 104(c) (describing when hearings on preliminary questions must be heard *outside the jury's presence*). The Rule is aimed at allowing a court to make preliminary *factual* determinations that are required to analyze the ultimate admissibility of evidence. *See, e.g.*, *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (explaining that before admitting a co-conspirator's statement, "a court must be satisfied that the statement actually falls within the definition of the Rule" including preliminary factual determinations); 21A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Federal Rules of Evidence* § 5053.6 (2d ed.) ("The need for an inquiry into a preliminary question of fact can be triggered either by an objection to the evidence or by a request by the opponent to 'take the witness on voir dire' to 'lay the foundation' for an objection.").

But here, Mr. Halferty's motion does not ask the Court to answer a preliminary factual question or even a preliminary question at all. The motion simply asks the Court to rule on admissibility of undisclosed evidence from an undisclosed individual, outside the context of an upcoming proceeding. That is improper.

2. **The motion is an improper attempt to place inadmissible evidence before the Court**

As an additional problem, this purported recording was not produced in discovery or even with the motion. Nor was the purported declarant identified as a person with knowledge. A party is not allowed to use undisclosed information or witnesses to supply evidence. Fed. R. Civ. P. 37(c)(1). To hold otherwise would defeat the very purpose of the discovery process.

Mr. Halferty's motion also asserts that the unidentified individual should be permitted to provide lay opinion testimony under Evidence Rule 701. Yet, the motion provides no explanation for the basis of the unidentified individual's "opinion" (to the extent he/she has one at all). *See United States v. Offill*, 666 F.3d 168, 177-78 (4th Cir. 2011) ("Courts are . . . mindful to guard against lay witness testimony when it involves meaningless assertions which amount to little more than choosing up sides." (cleaned up)).

Simply put, the Court cannot rule on the admissibility of evidence without a full understanding of what the evidence is. Nor can Ever-Seal be expected to know how to cross-examine a witness without background information. The motion is improper.

**3. A partial recording of a statement from an unidentified individual is not admissible**

The motion should also be denied because the purported recording indisputably contains inadmissible hearsay. Hearsay is defined as an out-of-court statement that is offered in evidence "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The general rule is that hearsay is not admissible. Fed. R. Evid. 802.

The only exception relied on here is the residual exception of Evidence Rule 807, pursuant to which a statement may be admissible if 1) the statement is supported by sufficient guarantees of trustworthiness, and 2) it is more probative than any other evidence that can be obtained through reasonable efforts. This exception is to be used "very rarely, and only in exceptional circumstances." *United States v. Gomez*, 774 F. App'x 136, 137 (4th Cir. 2019). Here, Mr. Halferty's motion does not satisfy either prong.

First, the motion does not show that the purported recording is supported by sufficient guarantees of trustworthiness. *See United States v. Lucas*, 836 F. App'x 142, 145 (4th Cir. 2020) ("The hallmark of Federal Rule of Evidence 807 is that the hearsay statement sought to be admitted

3

is trustworthy."). Indeed, the motion includes in a footnote that the last two minutes of the conversation were not even recorded. (Doc. 87 at 3 n.2).[1] Certainly, an incomplete recording (of an unidentified individual at an unidentified location at an unidentified time) does not contain sufficient indicia of reliability to overcome the longstanding prohibition against hearsay evidence. There is no way for Ever-Seal or the Court to determine whether the purported recording has a "ring of reliability" about it. *See Lucas*, 836 F. App'x at 146. In fact, the purported declarant's willingness to discuss matters with Mr. Halferty's counsel while knowing "that 'litigation' was ongoing," (Doc. 87 at 5), only shows the *lack* of trustworthiness—given that the declarant was apparently unwilling to provide sworn testimony.

Second, the motion does not show that a partially recorded conversation is more probative than other evidence. The motion makes no assertion that the unidentified individual is unavailable or will not be available for trial. Nor does it explain why the unidentified individual would have information that other witnesses will not have. The proper way to obtain testimony at trial is through live evidence, not an incomplete recording of an unidentified individual. Indeed, deeming the partial recording admissible under these unexceptional circumstances would make the normal hearsay rules a dead letter.

Even if the other requirements were satisfied, Rule 807(b) provides that such a hearsay statement "is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name—so that the party has a fair opportunity to meet it." Here, the motion includes neither the substance nor the declarant's

---

[1] This failure by Mr. Halferty's counsel to adequately preserve evidence upon which he hopes to rely further demands that the recording not be admitted. *See* Fed. R. Civ. P. 37; Fed. R. Bankr. P. 7037.

name—let alone any other details about the purported recording. Mr. Halferty cannot rely on Rule 807 based on his own say so.

With no applicable exception, any hearsay statement of the unidentified individual is not admissible.

4. **Mr. Halferty's untimely "supplement" does not save the motion**

On October 17, 2023 (the day before this response was due), Mr. Halferty filed a "Notice of Supplemental Exhibits." (Doc. 91). Apparently recognizing the deficiencies in his motion, Mr. Halferty attempted to correct his errors with this last-minute submission. Aside from the fact that any evidence should have been submitted with the motion, this supplement does not cure the problem. As just one example, the submitted .mp3 file indicates that the recording began after the conversation already began. So now, Mr. Halferty has revealed that the recording he seeks to admit does not include the beginning of the conversation *or* the end of the conversation; it only contains a portion that Mr. Halferty wants to use. And, even the snippet provided does not indicate who the purported declarant was or what the circumstances were that led to the conversation. Nor does it identify who the other participants in the conversation were or the circumstances under which the purported declarant previously spoke with Mr. Halferty's counsel. Thus, even if the Court were to consider the untimely supplement, it merely confirms that the hearsay evidence is not admissible given its lack of trustworthiness.

## **CONCLUSION**

For these reasons, Ever-Seal, Inc. respectfully requests that the motion be denied.

This 18th day of October, 2023.

                                      FOX ROTHSCHILD LLP

                                      By: /s/ *Kip D. Nelson*
                                             Kip D. Nelson
                                             N.C. State Bar No. 43848
                                             Brian R. Anderson
                                             N.C. State Bar No. 37989
                                             230 N. Elm St., Suite 1200
                                             Greensboro, NC 27401
                                             knelson@foxrothschild.com
                                             branderson@foxrothschild.com
                                             Tel: (336) 378-5200

                                             *Attorneys for Ever-Seal, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 22-00101-5-DMW |
| STEPHEN BRADLEY HALFERTY, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| EVER-SEAL, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | Adv. Proc. No. 22-00050-5-DMW |
| v. ) | |
| ) | JURY DEMAND |
| STEPHEN BRADLEY HALFERTY, d/b/a ) | |
| DURASEAL, ) | |
| ) | |
| Defendant/Counter-Claimant. ) | |

## CERTIFICATE OF SERVICE

This is to certify that on October 18, 2023, I served a copy of EVER-SEAL, INC.'S RESPONSE TO DEFENDANT'S FIRST MOTION FOR PRELIMINARY EVIDENCE RULING RULE OF EVIDENCE 104 via ECF and U.S. mail, postage pre-paid to:

    Garrett L. Davis
    THE LAW OFFICE OF GARRETT DAVIS
    555 S. Mangum Street, Suite 100
    Durham, NC 27701
    gd@garrettdavislaw.com
    *Counsel for Defendant*

                      /s/ *Kip D. Nelson*
                      Kip D. Nelson
                      N.C. State Bar No. 43848
                      230 N. Elm St., Suite 1200
                      Greensboro, NC 27401
                      knelson@foxrothschild.com
                      Tel: (336) 378-5200
                      *Attorney for Ever-Seal, Inc.*