UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Adversary Proceeding #: 22-00050-5-DMW

| | |
|---|---|
| EVER-SEAL, INC. )<br>)<br>Plaintiff, Counterclaim Defendant )<br>v. )<br>)<br>STEPHEN BRADLEY HALFERTY )<br>)<br>Defendant, Counterclaim Plaintiff )<br>) | REPLY<br><br>TO EVER-SEAL, INC.'S RESPONSE<br><br>DEFENDANT'S<br>FIRST MOTION FOR PRELIMINARY<br>EVIDENCE RULING<br>RULE OF EVIDENCE 104 |

Defendant, by and through counsel, submits the following reply to Ever-Seal's Response

Defendant's First Motion for Preliminary Evidence Ruling Rule of Evidence [DE 93]

## RESPONSE TO EVER-SEAL'S STATEMENT OF FACTS

| Ever-Seal Inc. Response/Statements | Halferty Reply |
|---|---|
| "According to Mr. Halferty, his attorney had a conversation on September 23, 2023, with someone "who has direct firsthand knowledge of relevant facts." [DE 93 p. 1] | Admitted. On September 23, 2023, during in preparation for propounding new discovery requests, his attorney called a phone number (919-523-2949) that was located on the first page Exhibit 13 of Ever-Seal's 30(b)(6) deposition. [DE 91 p. 11] ("Superior Home Maintenance"). |
| "The motion does not explain who the individual is, what circumstances led to the conversation, how the conversation was recorded, or any other background information." [DE 93 p. 1] | Disputed. The Rule 104 motion explained that the declarant was someone who had direct firsthand knowledge of relevant facts to this lawsuit. [DE 87 p. 1] The memo identified the declarant's trade. [DE 87 p. 4] The "circumstances" that led to the conversation with the owner of "Superior Home Maintenance" were identified and are otherwise self-explanatory (e.g., "Thank you for returning my phone call") [DE 87 p. 3-4] "How the conversation was recorded" is self-explanatory. |

1

## RESPONSE

1. Plaintiff Ever-Seal's arguments are largely technical and otherwise rely on feigning some kind of prejudice due to the fact it was not expressly informed of the precise identity of the declarant <u>at the time the motion was filed on September 27, 2023</u>. [DE 93][1]

2. Noticeably absent however from Ever-Seal's October 18, 2023 Response [DE 93] is an acknowledgment that <u>on October 17, 2023, Ever-Seal's counsel was provided a copy of the mp3</u> and the full identifying information of the declarant, the same day this court noticed the Motion for hearing two weeks later. For reasons discussed in paragraphs 18-27 below, the court may conclude that 14 days' notice is "reasonable notice" under Rule 807. *United States v. Ruffin*, No. 5:16-CR-321-1BO, at *5 (E.D.N.C. Jan. 12, 2018) ("The Government is ordered to notify Ruffin of the general nature of any known Rule 807 evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin.").

3. Also, even though Ever-Seal already knew or had reason to know who "Superior Home Maintenance" is and what he does [DE 91 p. 8, 11-12] Ever-Seal did not issue any discovery based on the Halferty's October 1, 2023 supplemental Rule 26 disclosures that identified the declarant. It still has not.

4. Ruling in favor of Ever-Seal based on the premise that it was not told who the declarant was in the original motion or upon any variations of the several "this is improper"[2] arguments runs contrary to our "adversarial system of adjudication." *See E Xue Juan Chen v. Holder*, 737 F.3d 1084, 1085 (7th Cir. 2013) ("That's not how an adversarial system of adjudication works. Unlike the inquisitorial systems of Continental Europe, Japan, and

---

[1] On October 1, 2023, Mr. Halferty supplemented his Rule 26(a) disclosures and identified the Declarant's contact information.
[2] See DE 92 p. 2 ("The motion simply asks the Court to rule on admissibility of undisclosed evidence from an undisclosed individual, outside the context of an upcoming proceeding. That is improper.")

elsewhere, <u>our system is heavily dependent on the parties' lawyers for evidence, research, and analysis</u>.")

## SPECIFIC RESPONSE TO EVER-SEAL ARGUMENT 1

5. Ever-Seal contends that "[t]he motion is an improper use of Rule of Evidence 104." This technical Rule 104 argument misses the main purpose of Halferty's motion.

6. Regardless of whether this court's discretion be exercised pursuant to Rule 104 or another one, the three main reasons behind the Motion do not change.

   a. There may be a trial or evidentiary hearing in this Adversary Proceeding.
   b. Halferty contends that what Declarant said during the phone call is highly probative about the specific kind of home maintenance service provided by Ever-Seal and at issue in this litigation.
   c. However, notwithstanding the potential value of the declarant's knowledge, the prospect of issuing a federal subpoena to a "handyman" to testify about pressure washing and sealing raised "cost of defense" concerns among some others.[3]

## SPECIFIC RESPONSE TO EVER-SEAL ARGUMENT 2

7. Ever-Seal contends that the motion is an "improper attempt to place inadmissible evidence before the court" that was not produced during discovery. The September 23, 2023 recording was not produced during discovery because Ever-Seal has never served any discovery on the undersigned.

8. Halferty does not generally disagree with Ever-Seal's contention that "[a] party is not allowed to use undisclosed information or witnesses to supply evidence." However, now that the Court has noticed a hearing on the precise issue of the admissibility of this recording under Rule 807, all of the dots have been connected for Ever-Seal to confidently identity a business owner it already knew about before September 27, 2023. [DE 91 p. 8, 11-12].

---

[3] Rule 807's "reasonable efforts" language was cited and discussed in the original memorandum. [DE 87 p. 8]

9.      The risk of Ever-Seal suffering unfair disadvantage due to surprise is essentially absent here, especially since Plaintiff carries the burden to prove facts that show it has a legitimate protected business interest sufficient to support the enforcement of the non-compete.[4]

10.     Ever-Seal's statement that it cannot "be expected to know how to <u>cross-examine</u> a witness without background information" also misses the point of Motion and Rule 807. [DE 93 p. 3]

11.     Regarding cross-examination, first note that Ever-Seal is a Plaintiff corporation trying to enforce a nationwide non-compete. Ever-Seal is not a Defendant in a criminal proceeding with a constitutional right to confront all witnesses against it.

12.     Nonetheless, under Rule 807, the "trustworthiness requirement …serves as a surrogate for the declarant's in-court cross-examination." *United States v. Lucas*, No. 18-4069, at *6; n.3 (4th Cir. Dec. 4, 2020).

13.     One reason Defendant filed this motion is so the gentleman that owns Superior Home Maintenance does not have to come testify as a witness in court for his knowledge to assist the finder of fact. *See e.g, E Xue Juan Chen v. Holder*, 737 F.3d 1084, 1085 (7th Cir. 2013) (stating that "<u>our system is heavily dependent on the parties' lawyers for evidence</u>.") (emphasis added).

## SPECIFIC RESPONSE TO EVER-SEAL ARGUMENT 3

14.     Ever-Seal contends that "the motion does not show that the purported recording is supported by sufficient guarantees of trustworthiness." [DE 93 p. 3] Halferty contends that the initial memorandum contains sufficient information to provide Ever-Seal and the court with

---

[4] The Declarant's statements are not being offered to support Mr. Halferty's counterclaim.

notice about the scope of arguments that will be made at the hearing regarding the "trustworthiness" of the statements made in this conversation.

15. Ever-Seal is also inflating the fact that the battery on the audio recorder died during the last 2+ minutes of the conversation. [DE 91 p. 4] [DE 87 at 3 n.2] According to Ever-Seal, this court should shield itself from the contents of a phone call between an attorney and sole proprietor about pressure washing because the last two minutes were unexpectedly truncated. If anything, the fact that the battery died is indicia that the whole event was spontaneous, and thus more trustworthy. (i.e., the declarant called the attorney back, began to volunteer probative information, relevant questions were asked, and it was recorded).[5] *See id.*

16. Halferty disagrees with Ever-Seal's reasoning that the Declarant's "willingness to discuss matters with Mr. Halferty's counsel while knowing "that 'litigation' was ongoing," … shows the lack of trustworthiness." *See United States v. Moore*, 824 F.3d 620, 624 (7th Cir. 2016) (finding district court erred by not admitting evidence under Rule 807 where the declarant "had no obvious reason to lie" at the time he made the statement at issue).

17. The Declarant was never asked to provide "sworn testimony" during the phone call because the September 23, 2023 conversation was initiated for an investigative purpose. However, after listening to the recording several times, considering the relative costs and burdens of a subpoena for witness testimony, and based upon a review of Rule 807, Halferty made the decision to file the instant motion seeking admission of the mp3.

## **RESPONSE TO EVER-SEAL ARGUMENT 4**

18. Halferty rejects Ever-Seal's underlying premise that a "reasonable notice" of a declarant's identity under Rule 807 is equivalent to the very same day a Rule 104 motion is filed

---

[5] The Ring Central phone call log showing the <u>incoming call</u> from Superior Home Maintenance was provided in DE 91 p. 14.

on the ECF system. [DE 93 p. 5 ("Aside from the fact that any evidence should have been submitted with the motion")]

19. Rule 807 (b) only requires "reasonable notice."

> (b) Notice. The statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name— so that the party has a fair opportunity to meet it. The notice must be provided in writing before the trial or hearing—or in any form <u>during the trial or hearing if the court, for good cause, excuses a lack of earlier notice.</u>

20. In other words, disclosing the precise identity of the declarant and providing the mp3 on October 17, 2023<u>, the day that the Court noticed this Motion for Hearing on October 31,</u> 2023, was not *per se* unreasonable notice under Rule 807, as Plaintiff contends.

21. Even without the actual recording in hand, the September 27, 2023 memorandum put Ever-Seal on notice of the substance of the Declarant's statements. [DE 87]

22. Rule 807 also contemplates that "reasonable notice" can occur "during the trial or hearing."

23. Fourth Circuit precedent provides that "reasonable notice" of intent to introduce Rule 807 hearsay evidence "must be provided to the opposing party before the commencement of trial."[6]

24. In criminal cases, <u>seven days before trial</u> has been considered a "reasonable" Rule 807 notice period for the government. *United States v. Ruffin*, No. 5:16-CR-321-1BO, at *5 (E.D.N.C. Jan. 12, 2018).

---

[6] *United States v. Ruffin*, No. 5:16-CR-321-1BO, at *4 (E.D.N.C. Jan. 12, 2018) ("Although this Court has not delineated specific parameters for what constitutes "reasonable notice" under this Rule, the Fourth Circuit Court of Appeals has made clear that absent extenuating circumstances, notice of intent to introduce Rule 807 hearsay evidence must be provided to the opposing party before the commencement of trial.") (citing See United States v. Heyward, 729 F.2d 297 (4th Cir. 1984)

25. This is a civil case where the Rule 807 proponent is the Defendant. The trial date is not even set yet. And by October 31, 2023, Plaintiff's counsel will have had the 8 min. 51 sec. long mp3 in its possession for two full weeks.

26. If a criminal defense attorney may only be provided "seven days" notice to prepare to meet Rule 807 evidence prior to a trial, then two weeks advance notice in a civil case prior to a Rule 104 Hearing provides Plaintiff's counsel with a "fair opportunity" to meet the declarant's statements. [DE 87 p. 3-5] [DE 91]

```
[Atty] How much … experience do you need to use a
pressure washer?

[Declarant] Well you have to know how to use it for
one thing

[Atty] Once you bought those tools…would you be able
to go do that job satisfactorily with the new tools
without much delay?

[Declarant] With my knowledge yes.
```
[DE 87-p.7] (Filed 9/27/2023)

## **CONCLUSION**

Ever-Seal has reasonable notice under Rule 807 and the statements contained in the mp3 contain sufficient guarantees of trustworthiness. The trustworthiness is the "surrogate for the declarant's in-court cross-examination." Defendant requests that the court review the MP3 to admit it as evidence, and enter any other orders reasonably necessary.

*/s/ Garrett L. Davis*
**Law Office of Garrett Davis, PLLC**
Garrett L. Davis
NC Bar # 52605
555 S. Mangum St. Ste. 100
Durham, NC 27701
gd@garrettdavislaw.com

# **CERTIFICATE OF SERVICE**

      I certify that on October 19, 2023, I served a copy of this document on Plaintiff's Counsel of Record via the Court's ECF system.

*/s/ Garrett L. Davis*

Kip Nelson
Brian R. Anderson
Fox Rothschild LLP
230 N. Elm Street
Suite 1200
Greensboro, NC 27401
336-387-5205
knelson@foxrothschild.com
branderson@foxrothschild.com