**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **STEPHEN BRADLEY HALFERTY,** | ) | **Case No. 22-00101-5-DMW** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **EVER-SEAL, INC.,** | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 22-00050-5-DMW** |
| | ) | |
| **STEPHEN BRADLEY HALFERTY, d/b/a DURASEAL,** | ) | **JURY DEMAND** |
| | ) | |
| Defendant/Counter-Claimant. | ) | |

**EVER-SEAL, INC.'S MOTION TO COMPEL DISCOVERY**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Federal Rule of Bankruptcy Procedure 7037, and Local Rule 7007-1(a), Plaintiff Ever-Seal, Inc. ("Ever-Seal") respectfully moves the Court for an order compelling Defendant Stephen Bradley Halferty to respond to discovery requests.  In support of this Motion, Ever-Seal shows the Court as follows:

1.      Ever-Seal served Halferty with discovery requests on July 20, 2022.  (Ex. A).

2.      Halferty served incomplete responses to the discovery requests on August 19, 2022.

3.      Specifically, Halferty produced documents in an inaccessible form and failed to provide complete responses to Request Nos. 5, 8, 10, 12, 16, 17, and 22.

4.      Ever-Seal followed up repeatedly to obtain the requested documents, but Halferty has not provided them to date.  (*See* Exs. B, C, D, E).

5.      Ever-Seal has made a good faith effort to resolve this issue without Court involvement but has been unable to do so.

6.      Ever-Seal relies on the memorandum being submitted contemporaneously herewith.

WHEREFORE, Ever-Seal respectfully requests that its Motion to Compel be granted; that Halferty be compelled to produce accessible documents and provide all responsive documents to Request Nos. 5, 8, 10, 12, 16, 17, and 22; that it be awarded its attorney's fees and costs in bringing the motion; and that the Court grant such other relief as it deems appropriate.

Respectfully submitted this 30th day of October, 2023.

FOX ROTHSCHILD LLP

By: /s/ *Kip D. Nelson*
Kip D. Nelson
N.C. State Bar No. 43848
Brian R. Anderson
N.C. State Bar No. 37989
230 N. Elm St., Suite 1200
Greensboro, NC 27401
knelson@foxrothschild.com
branderson@foxrothschild.com
Tel: (336) 378-5200

*Attorneys for Ever-Seal, Inc.*

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) **Case No. 22-00101-5-DMW** |
| **STEPHEN BRADLEY HALFERTY,** | ) |
| | ) |
| Debtor. | ) |
| | ) |
| **EVER-SEAL, INC.,** | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) **Adv. Proc. No. 22-00050-5-DMW** |
| | ) |
| **STEPHEN BRADLEY HALFERTY, d/b/a DURASEAL,** | ) **JURY DEMAND** |
| | ) |
| Defendant/Counter-Claimant. | ) |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 30, 2023, I served a copy of the foregoing **EVER-SEAL,**

**INC.'S MOTION TO COMPEL DISCOVERY** via ECF to:

> Garrett L. Davis, Esq.
> Law Office of Garrett Davis
> 555 S. Magnum St., Ste. 100
> Durham, NC 27701
> gd@garrettdavislaw.com


FOX ROTHSCHILD LLP

By: /s/ *Kip D. Nelson*
　　Kip D. Nelson
　　N.C. State Bar No. 43848
　　230 N. Elm St., Suite 1200
　　Greensboro, NC 27401
　　knelson@foxrothschild.com
　　Tel: (336) 378-5200

　　*Attorneys for Ever-Seal, Inc.*

3

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **STEPHEN BRADLEY HALFERTY,** | ) | **Case No. 22-00101-05-DMW** |
| | ) | **Chapter 13** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **EVER-SEAL, INC.,** | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | **Adv. Proc. No. 22-00050-5-DMW** |
| v. | ) | |
| | ) | |
| **STEPHEN BRADLEY HALFERTY** | ) | |
| **d/b/a DURASEAL,** | ) | **Jury Demand** |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |

## PLAINTIFF'S SECOND SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Ever-Seal, Inc. ("Ever-Seal") hereby propounds the following Second Set of Requests for Production of Documents upon Defendant Stephen Bradley Halferty d/b/a Duraseal ("DuraSeal" or "Halferty"). **These requests are to be addressed separately, fully, and served on the undersigned counsel by August 19, 2022.** Please serve your responses via e-mail.

These requests shall be deemed to be continuing to the final date of these proceedings so that additional information that becomes known to you prior to the final date of these proceedings shall be furnished to undersigned counsel immediately after such information is acquired by or becomes known to you, in accordance with Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26.

## **INSTRUCTIONS**

The following definitions and instructions apply to all requests below and should be considered as part of each request.

1.      You should respond to each request fully. An evasive or incomplete response will be considered a failure to respond.

2.      To the fullest extent permitted under the Federal Rules of Civil Procedure, these requests are intended to be continuing in nature.  You are requested and required to provide timely supplemental responses when appropriate or necessary to make your response correct and complete.

3.      These requests are directed to you and also to: (a) your agents and representatives; (b) any other person acting on your behalf or on whose behalf you have acted; and (c) any other person otherwise controlled by you, or which controls you, or which is under common control with you. Conversely, this specific instruction shall not permit you to withhold documents that are otherwise responsive merely because "you" also includes, i.e., your agents. Thus, for example, if a request asks for documents evidencing communications between you and third parties, third parties also includes your agents.

4.      It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction that calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R Civ. P. 26(b)(5) will be required as to such material.  If a response to a request is withheld under a claim of privilege or other protection, produce on the date on which responses are required pursuant to these requests a log of the documents and/or things withheld sufficient to facilitate evaluation of the privilege or

protection claimed. Such log shall identify: (a) the document or thing to which the privilege or protection is alleged to apply, (b) the privilege or protection alleged, (c) the format of the communication, and (d) the date sent, and (e) name(s) of author(s) and recipient(s).

5.      If any request herein is deemed objectionable, then (a) identify the portion of the request that is claimed to be objectionable and the nature and basis of the objection in sufficient fashion to permit the Court to rule on the validity of the objection; (b) identify any documents and things withheld pursuant to such objection with sufficient particularity and in sufficient detail to permit the Court to determine that such documents and things fall within the scope of such objection; and (c) for any portion of such request that is not claimed to be objectionable, respond to, identify and produce the documents and things or portions thereof which are responsive to the non-objectionable portion of the request.

6.      For the purpose of interpreting or construing the scope of these requests, you are instructed to give words their most expansive and inclusive meanings. You should, therefore:

     a.      construe the words "and" and "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive;

     b.      construe the term "including" to mean "including, but not limited to;"

     c.      construe the word "any" to include and mean "each and every" and "any and all;"

     d.      construe the word "each" to include "every" as necessary to bring within the scope of these requests responses that might be construed to be outside the request;

     e.      construe the plural form of a word to include the singular and vice versa;

     f.      construe a masculine pronoun, noun or adjective to include the feminine and vice versa;

     g.      construe a lower case word to include the upper case, and vice-versa; and,

     h.      construe dates to be approximate.

7.      All documents that are stored in electronic or computer form shall be produced via email as well as in hard copy where possible. Document stored in electronic form or format of any kind are to be produced in their original native format, including all metadata or other electronic components of the information relating to or comprising such document in their entirety, including all information concerning the date(s) the document was created modified or distributed, and the author(s) and recipient(s) of the document. Documents stored in electronic form shall not be converted to any different form, such as paper, TIF or PDF images.

8.      These requests are specifically intended to encompass any data or information maintained in any form of computer memory or on computer hard drives, diskettes or back-up tapes, including any word processing or spread sheet programs or electronic mail systems, or in any form of electronic or computer related storage, whether or not you currently have hard copy printouts of the same.

9.      You are to produce each document requested herein in its entirety, with attachments and enclosures without deletion or excision, regardless of whether you considered the entire documents to be relevant or response to the requests. All pages now stapled or fastened together should be reproduced, stapled or fastened together, and each document that you cannot legibly copy should be produced in its original form. Documents not otherwise responsive to any of the discovery requests herein must be produced if such documents are attached to a document called for by these requests. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

## **DEFINITIONS**

Unless the context clearly requires otherwise, the following definitions shall apply to these requests and all other discovery requests in this action unless otherwise provided:

1.      "Answer" shall mean any Answer you may file to the Complaint in this case and any amended Answer you may file in the future.

2.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including, but not limited to, correspondence, e-mails, text messages, social media, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between and among two or more persons.

3.      "Complaint" shall mean the verified complaint filed in this action in the U.S. Bankruptcy Court for the Eastern District of North Carolina on March 17, 2022, and any amendments thereto.

4.      "Concerning" and "concern" mean specifically mentioning, in connection with, referring to, or relating to matters that are the subject of the request and, where appropriate, having context or content that makes it apparent that matters that are the subject of the request are shown or described.

5.      "Contract" means any writing that memorializes an agreement between You and a third party whether fully executed or not and whether performed or not.

6.      "Correspondence" means any form of communication, whether electronic, written, or verbal including letters, email, social media post, tweets, phone calls, and instant messages.

7.      "Customer" means any person or entity to whom You sold or offered to sell products or services, whether you ultimately provided services or not.

8.      "Defendant" or "Defendants" means each person or entity who has been sued in this case.

9.      "Describe" shall mean to set forth with particularity all facts known that bear upon or are related to the matter that is the subject of the inquiry, using the simplest and most factual statements of which you are capable.

10.     "Document" shall, to the broadest permissible extent, have the same meaning as in Federal Rule of Civil Procedure 34(a)(1)(A), including without limitation, things as well as written, printed, typed, recorded, taped, graphic, electronically stored and/or electronically transmitted *material and communications of any kind* and from any source in any form (including but not limited to email and text message). A draft, annotated, or non-identical copy is a separate document within the meaning of this term, whether such document was transmitted, received or neither.

11.     "DuraSeal" means any sole proprietorship or corporation associated with Halferty and acting under the name "DuraSeal" or "DuraSeal, Inc."

12.     "Employee" means any employee, independent contractor, worker, or agent current or formerly employed by You.

13.     "Halferty" means you, individually and/or doing business as DuraSeal or DuraSeal, Inc., as well as all others acting in concert with you.

14.     "Identify" or the "identity of" shall mean (a) with respect to a person, his, her or its name, last known address, telephone numbers, business affiliation and position, employer, whether or not such person is a practicing attorney, and such other known information as may be necessary to permit such person to be subpoenaed or his, her or its deposition noticed; and (b) with respect to a document, other writing or thing, the type of document, writing or thing; general subject matter; date of the document, writing or thing; author(s), addressee(s) and recipient(s); and such other known information as may be necessary to permit the document, writing or thing to be subpoenaed or its production to be requested.

15.     "Person" or "persons" shall mean any individual, firm, partnership, joint venture, association, corporation, or other legal or commercial entity.

16.     "Regarding" shall mean concerning or discussing.

17.     "State" shall have the same meaning as describe.

18.     "Thing" shall mean any tangible object other than a Document.

19.     "You" or "your" shall mean each Defendant, his or its agents, employees, representatives, and/or any other persons acting, or purporting to act on your behalf or on behalf of "DuraSeal" or "DuraSeal, Inc.".

20.     All legal terms, accounting terms, and other technical terms associated with a particular industry, profession or identifiable body of knowledge shall have the meanings customarily and ordinarily associated with those terms within that industry, profession or discipline.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents concerning DuraSeal's creation and registration as a legal entity.

**RESPONSE:**


2.     All contracts You entered into from January 1, 2021 to present to provide services to customers.

**RESPONSE:**


3.     All contracts You entered into from January 1, 2021 to present to obtain, materials, equipment, and supplies.

**RESPONSE:**

4.      All contracts You entered into from January 1, 2021 with employees, independent contractors, or agents.

**RESPONSE:**

5.      All documents that reflect Your purchase of materials, supplies, or equipment from January 1, 2021 to present, including but not limited to invoices or receipts.

**RESPONSE:**

6.      All documents that reflect Your expenses for labor, employees, contractors, or agents from January 1, 2021 to present.

**RESPONSE:**

7.      All documents that reflect Your profits and losses report from January 1, 2021 through present.

**RESPONSE:**

8.      All documents that reflect Your registration and use of EIN # 87-1600697.

**RESPONSE:**

9.      All documents that reflect Your registration of any other EIN # that you have applied for or received from January 1, 2021 to present.

**RESPONSE:**

10.     All documents that reflect Your appointments set up or attended from January 1, 2021 to present, including but not limited to appointments set up through Acuity Scheduling Software.

**RESPONSE:**

11.     All documents sufficient to identify all of Your customers (as defined above) from January 1, 2021 to present.

**RESPONSE:**

12.     All documents You sent to or received from customers (as defined above) from January 1, 2021 to present, including but not limited to paper communications, emails, and text messages.

**RESPONSE**:

13.     All documents that reflect income You received from January 1, 2021 to present.

**RESPONSE:**

14.     All written presentation, sales, or other marketing materials You created or used from January 1, 2021 to present.

**RESPONSE:**

15.     All training materials You used from January 1, 2021 to present.

**RESPONSE**:


16.     All documents between You and any employee, independent contractor, or agent related to customer contracts, bids, and proposals.

**RESPONSE**:


17.     All documents between You and any employee, independent contractor, or agent related to Ever-Seal.

**RESPONSE**:


18.     All documents You sent or received concerning the creation and design of Your production trailer(s).

**RESPONSE**:


19.     All documents regarding Your plans to expand services or locations from January 1, 2021 to present.

**RESPONSE:**

20.    All communications between You and Brad Periggo from January 1, 2021 to present that pertain to your recruitment of him to work with or for You.

**RESPONSE:**

21.    All communications between You and Tim Lucero from January 1, 2021 to present that pertain to your recruitment and employment of him to work with or for You.

**RESPONSE:**

22.    All communications between You and Kevin Goggins from January 1, 2021 to present that pertain to your recruitment and employment of him to work with or for You.

**RESPONSE:**

23.    All communications between You and any other current or former Ever-Seal employee, independent contractor, or worker from January 1, 2021 to present that pertains to your recruitment and employment of them to work with or for You.

**RESPONSE:**

24.    All documents exchanged through the Slack channel you used while working at Ever-Seal from January 1, 2021 to the present.

**RESPONSE:**

25.    All documents between you and any representative of Ever-Seal regarding your employment agreement or potential earnings at Ever-Seal.

**RESPONSE**:

26.    All documents reflecting each misrepresentation You allege in Your Answer and Counterclaim.

**RESPONSE**:

27.    All documents between You and any Seal It representative, agent, or employee from January 1, 2021 to the present.

**RESPONSE:**

28.    All documents that reflect any loans You applied for or received from January 1, 2021 to present, regardless of the lender.

**RESPONSE:**

29.    All tax returns that You have filed or prepared to file, including individually or on behalf of any business or entity you control or operate.

**RESPONSE:**

30.    All documents relied on in answering the Interrogatories in this case not already produced.

**RESPONSE:**

31.    All documents that You maintain support your claims and defenses in this case.

**RESPONSE:**

32.    All documents that You maintain support your Counterclaim and assertion that Ever-Seal owes you any amount of money.

**RESPONSE:**

33.    All constituting or concerning non-privileged communications You have had with any person concerning this lawsuit or the subject matter of this lawsuit.

**RESPONSE:**

34.    A copy of any affidavits/declarations that You have obtained in connection with this lawsuit.

**RESPONSE:**

Respectfully submitted,

FOX ROTHSCHILD LLP

By: /s/ Brian R. Anderson
    Brian R. Anderson
    N.C. State Bar No. 37989
    230 N. Elm St., Suite 1200
    Greensboro, NC 27401
    branderson@foxrothschild.com
    (336) 378-5205

SPENCER FANE LLP

By: /s/ Stephen J. Zralek
    Stephen J. Zralek
    TN State Bar No. 18971
    511 Union St., Suite 1000
    Nashville, TN 37219
    Tele: (615) 238-6305
    Fax: (615) 687-2763
    szralek@spencerfane.com
    (Notice of Special Appearance Filed)

    Breanna R. Spackler
    MO Bar No. 67323
    1000 Walnut St., Suite 1400
    Kansas City, MO 64106
    Tele: (816) 292-8487
    Fax: (816) 474-3216
    bspackler@spencerfane.com
    (Notice of Special Appearance Filed)

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 20, 2022, I served a copy of the foregoing document via personal service and via electronic mail to the following:

Travis Sasser
Sasser Law Firm
2000 Regency Parkway, Suite 230
Cary, NC 27518
travis@sasserbankruptcy.com
*Counsel for Debtor*

/s/ Brian R. Anderson

Exhibit B



BREANNA SPACKLER
BSPACKLER@SPENCERFANE.COM
DIRECT DIAL: (816) 292-8160

August 30, 2022

**Via Email**
Travis Sasser, Esq.
Sasser Law Firm
2000 Regency Parkway
Suite 230
Cary, N.C. 27518
*travis@sasserbankruptcy.com*

RE:    ***Ever-Seal, Inc. v. Halferty d/b/a DuraSeal***, Adv. Proc. No. 22-00101-5-DMW
Defendant's Responses to Plaintiff's First Set of Interrogatories and
Second Requests for Production

Dear Mr. Sasser:

We write this letter to follow up on the responses and production your client served on us on August 19, 2022.

## I.    Documents Received

This letter will memorialize that you produced 572 documents to us on Friday, August 19, 2022, in response to Plaintiff's Second Set of Requests for Production of Documents. To avoid any confusion, we have Bates labeled the documents ourselves, since Defendant produced them without any Bates labels. A copy is attached, showing that you produced what has been marked "Halferty 8.19.22 Production 000172-000689." If you disagree that the attached represents a complete and accurate copy of what Defendant produced on August 19, please notify us immediately.

Several files you sent in response to Request #2 produce an error message whenever we try to access them, saying "access denied." These are IMG_2580-2583, 2585-2586, 2588, 2590-2591, 2593, 2595, 2599-2602, 2605, 2607-2607, 2611, 2615, 2618, 2623, 2629-2630, 2633, 2639-2641, 2643-2647, 2650, 2653-2654, 2658, 2660, 2662-2664.

## II.    Incomplete or Deficient Responses

Upon reviewing your client's discovery responses and production, it appears that Mr. Halferty did not fully respond to several of Plaintiff's requests. These deficient responses are discussed below. By **Friday, September 2, 2022**, please supplement your responses and produce additional responsive documents in your client's possession, custody, or control.



Travis Sasser, Esq.
August 30, 2022
Page 2

### a. Responses to Plaintiff's First Set of Interrogatories

Interrogatory No. 2 – This interrogatory asks your client to provide specific details about previous complaints, lawsuits, administrative charges or proceedings, or court actions in which he (or his entities) has been a party. His response provides certain details, but fails to identify the nature of the action (i.e. claims involved), the outcome (i.e. amount of judgement and in whose favor), and his attorney(s) of record for each respective action.

Interrogatory No. 4 – This interrogatory asks your client to identify and provide specific details for each person he believes has knowledge of any fact related to the allegations of the Complaint regardless of whether he may call that person as a witness. The response lists certain persons and contact information but does not, as requested, "state each allegation for which they have knowledge, the substance of that person's knowledge and any other information you believe they have which is relevant to the claims or defenses asserted in this lawsuit."

Interrogatory No. 5 – This interrogatory ask your client to "identify and describe all steps that you have taken to locate and identify information and documents stored in electronic format[.]" The response in full states "[s]earched phone and email and computer records." This does not identify or describe the <u>steps</u> taken to search for electronic information and documents. For example, it does not identify which devices were collected, which custodian's materials were collected, which accounts were searched, or describe how those searches occurred (i.e. cloud versus device, search terms versus manual, time parameters used, folders were searched, etc.).

Interrogatory Nos. 9-10 – These interrogatories ask your client to identify all instances in which: (1) You were aware that Ever-Seal had already made a bid to the same customer for permanent sealing services; and (2) You made a bid lower than Ever-Seal to the same customer for permanent sealing services. Your client claims he needs access to Ever-Seal's records to answer these questions. This is incorrect. Your client can and must answer these interrogatories based on what he presently knows based on information available to him (for example, his recollections, his discussions with Ever-Seal and/or DuraSeal sales representatives about specific projects, his review and comparison of DuraSeal files and Ever-Seal files apparently still in his possession, etc.).[1]

---

[1] In response, your client attached a spreadsheet that appears to show his scheduled Ever-Seal appointments during his time working for Ever-Seal. This does not answer the question posed. As sales manager, Mr. Halferty was aware of bids that both he and others made on behalf of Ever-Seal. The request is not limited to the time period during which Mr. Halferty worked for Ever-Seal. However, this is certainly information that Mr. Halferty could use to refresh his recollection and compare to DuraSeal files to answer the question propounded. Mr. Halferty can also look through his communications with Ever-Seal and



Travis Sasser, Esq.
August 30, 2022
Page 3

### b. Responses to Plaintiff's Second Requests for Production

RFP No. 1 – This request asks your client to produce "[a]ll documents concerning DuraSeal's creation and registration as a legal entity." Your client produced a one-page certificate of incorporation (that does not identify your client) and a two-page letter from LegalZoom informing your client that DuraSeal, Inc. has been formed in Delaware. Your client failed to produce any other communications with LegalZoom related to corporation formation or existence, any materials concerning your application for corporate formation, any bylaws, shareholders agreement, stock certificate, or other internal corporate documents, any forms filed with the IRS related to your corporate existence (such as an application for EIN), or any communications or notices from the Delaware Secretary of State related to your corporate formation or existence. Those documents should be in your client's possession, custody, or control as the sole founder, owner, and operator of DuraSeal, Inc.

RFP No. 2 – This request asks your client to produce all contracts entered into from January 1, 2021 to present to provide services to customers. As discussed above, several of the files produced in response could not be opened. Please re-send those in an accessible format. In addition, please confirm that your client has produced each and every contract entered into during the requested time period to provide services to customers. It appears your client produced (or attempted to produce) approximately 88 contracts total. Is this the total number of jobs performed by DuraSeal (or DuraSeal, Inc.) from Jan. 2021 to date? If not, then please produce communications or other documents reflecting the terms of any agreements entered into with any other customers to provide services.

RFP No. 4 – This request asks your client to produce contracts entered into from January 1, 2021 with employees, independent contractors, or agents. Your client produced zero documents in response to this request. This is not believable. Surely your client has entered into contracts, whether formal or informal by way of communications, with workers reflecting terms such as title, responsibilities, compensation, etc.

RFP No. 5 – This request asks your client to produce "documents that reflect Your purchase of materials, supplies, or equipment from January 1, 2021 to present, including but not limited to invoices or receipts." Your client produced no documents responsive to this request outside of those produced in response to RFP No. 3. Again, this belies reality. As reflected on your client's tax returns and profit and loss statement, DuraSeal has incurred a variety of expenses for office materials, vehicles/machinery/equipment, supplies, software, uniforms, safety equipment, etc. As further reflected in your client's response to Interrogatory

---

DuraSeal representatives, and any notes in DuraSeal files, to find instances of direct competition that he was/is aware of.



Travis Sasser, Esq.
August 30, 2022
Page 4

Nos. 13-14, DuraSeal utilizes certain materials, supplies, and equipment in its sealing process.  Your client should have invoices, receipts, and/or other documents reflecting the purchase of such materials, supplies, and equipment (accounting or otherwise) in his possession, custody, or control.

RFP No. 6 – This request asks for "[a]ll documents that reflect Your expenses for labor, employees, contractors, or agents from January 1, 2021 to present."  You produced no documents responsive to this request.  Yet it appears your client has some responsive documentation available because he summarizes and totals such costs in his financial documents; he must have relied on some documentation to support those calculations.  In addition, Mr. Halferty as the sole founder, owner, and operator of DuraSeal (and DuraSeal, Inc.) should have records of the payments he issued to his employees, contractors, and agents in his possession, custody, or control.  For example, he attached a pay statement for Bailie Morlidge to his Declaration filed in the Tennessee action.

RFP No. 8 – This request asks for "[a]ll documents that reflect Your registration and use of EIN # 87-1600697."  Your client produced two pages of Forms 1099-NEC.  The documents produced are largely unreadable (it appears due to scanning).  Please re-send a more legible version.  In addition, your client produced no documents related to his registration of the above-referenced EIN, as requested, or other use of the EIN.  Please supplement your production to include all responsive documents in your client's possession, custody, or control.

RFP No. 10 – This request seeks "[a]ll documents that reflect Your appointments set up or attended from January 1, 2021 to present, including but not limited to appointments set up through Acuity Scheduling Software."  "You" as defined in the request includes DuraSeal and DuraSeal, Inc.  Your client produced no documents responsive to this request (outside of perhaps the "DuraSeal leads" spreadsheet produced in response to RFP No. 11).  Surely your client has more records in his possession, custody, or control that reflect the appointments set up or attended by DuraSeal (or DuraSeal, Inc.) representatives.  For example, this may include appointment confirmation or reminder emails, records from scheduling software, documentation assigning appointments out to sales representatives, and reports/feedback on assigned appointments.

RFP No. 12 – This request seeks "[a]ll documents You sent to or received from customers (as defined above) from January 1, 2021 to present, including but not limited to paper communications, emails, and text messages."  You object to this request as overly broad and unduly burdensome and argue the requested items "are largely irrelevant."  You ask that Ever-Seal narrow its request.  The purpose of this request is to understand the representations made by Halferty and DuraSeal (or DuraSeal, Inc.) to customers related to



Travis Sasser, Esq.
August 30, 2022
Page 5

the services provided, materials used, warranty, and competition (such as Ever-Seal).  These documents relate directly to the claims pending in this case.  We are not willing to narrow this request, but we will work with you to determine reasonable search terms.  Please provide a list of your proposed custodians and search terms.

    RFP No. 15 – This request asks your client to produce "[a]ll training materials You used from January 1, 2021 to present."  Your client produced no documents.  Please confirm that your client used no written materials to train his employees, contractors, and/or other agents or representatives from January 1, 2021 to present.

    RFP No. 16 – This request seeks "[a]ll documents between You and any employee, independent contractor, or agent related to customer contracts, bids, and proposals."  In response, your client produced communications from the Ever-Seal "sales" or "slack" channel.  Your client produced zero documents or communications between himself and any DuraSeal (or DuraSeal, Inc.) employee, independent contractor, or agent related to customer contracts, bids, and proposals.  Please immediately produce such responsive documents.

    RFP No. 17 – This request asks for "[a]ll documents between You and any employee, independent contractor, or agent related to Ever-Seal."  Mr. Halferty produced certain text messages between himself and Bailie Morlidge, Kevin Goggins, or Brad Perrigo related to Ever-Seal.  As an initial matter, these text messages do not reflect dates or the full extent of the relevant conversations (for example, see documents bates labeled 516-517, 519, 521).[2]  In addition, your client produced no email communications or other form of communications outside of text messages (including but not limited to sales appointment records or reports that may reference Ever-Seal).  Please confirm that those sources were searched and no responsive documents exist.

    RFP No. 18 – This request seeks "[a]ll documents You sent or received concerning the creation and design of Your production trailer(s)."  Your client produced no documents in response to this request (other than perhaps a handful of text messages with Shane Foster produced in response to RFP No. 23).  Mr. Halferty surely communicated with some person(s) about the creation and design of his production trailer(s), and also perhaps contracted with, instructed, and/or paid someone to create/design his production trailers. If not Mr. Halferty, then someone on behalf of DuraSeal (or DuraSeal, Inc.) engaged in those conversations as an agent of DuraSeal (or DuraSeal, Inc.).  Accordingly, Mr. Halferty should have responsive documents in his possession, custody, or control.  Please search for and produce those documents immediately.

---

[2] This issue applies to many if not most of the text messages produced by Mr. Halferty.  For example, the same issues apply to the text messages produced in response to RFPs No. 20-21.  Please re-produce all text messages in a form that provides the date and full extent of the responsive communication.



Travis Sasser, Esq.
August 30, 2022
Page 6


RFP No. 22 – This request asks for "[a]ll communications between You and Kevin Goggins from January 1, 2021 to present that pertain to your recruitment and employment of him to work with or for You." Your client produced zero responsive documents. Please identify the sources and search parameters your client used to look for responsive documents. It is undisputed that Goggins went to work for DuraSeal (or DuraSeal, Inc.) shortly after he left Ever-Seal. It is doubtful that Mr. Halferty has zero written communications with Mr. Goggins related to him going to work for Halferty, DuraSeal, or DuraSeal, Inc.

RFP No. 29 – This request seeks "[a]ll tax returns that You have filed or prepared to file, including individually or on behalf of any business or entity you control or operate." Your client objected to the request as overly broad and unduly burdensome, arguing that tax returns prior to 2020 are irrelevant and would be challenging to procure. Your client produced responsive documents for the tax years 2020 and 2021. Ever-Seal agrees to accept this limitation for the time being.

*          *          *

Please respond to this letter on or before **Friday, September 2, 2022** with the complete supplemental information and documentation to the interrogatories and requests identified above.


Sincerely,

/s/ Breanna Spackler

Breanna Spackler


Attachments:        Halferty 8.19.22 Production 000172-000689

cc:    Stephen Zralek, Esq.
       Brian Anderson, Esq.

NSH 2522102.2

# Exhibit C



BREANNA SPACKLER
BSPACKLER@SPENCERFANE.COM
DIRECT DIAL: (816) 292-8160

September 19, 2022

**Via Email**
Travis Sasser, Esq.
Sasser Law Firm
*travis@sasserbankruptcy.com*

> RE:  ***Ever-Seal, Inc. v. Halferty d/b/a DuraSeal***, Adv. Proc. No. 22-00101-5-DMW,
> Defendant's Responses to Second RFPs

Dear Mr. Sasser:

Thank you for your September 14, 2022 e-mail response to our August 30, 2022 letter. We are writing to follow up on a few outstanding issues related to Mr. Halferty's responses to Ever-Seal's Second Requests for Production. Please note that Mr. Halferty's deposition is scheduled for next week – September 28, 2022 – so we need production of the requested responsive documents by this Friday – September 23, 2022.

## I.      Documents Received

This letter will memorialize that you produced additional documents to us on Tuesday, September 14, 2022. To avoid any confusion, we will again bates labeled the documents ourselves, since you produced them to us without any bates labels.

As referenced in our email correspondence on September 16, 2022, we were again unable to access the files that you sent as responsive to RFP 2. You stated that you are working on the problem. Please provide such access or produce the materials in another accessible format by September 23, 2022.

## II.      Incomplete or Deficient Responses (Second RFPs)

RFP No. 5 – This request asks your client to produce "documents that reflect Your purchase of materials, supplies, or equipment from January 1, 2021 to present, including but not limited to invoices or receipts." Your client produced no documents responsive to this request outside of those produced in response to RFP No. 3. Again, this belies reality. As reflected on your client's tax returns and profit and loss statement, DuraSeal has incurred a variety of expenses for office materials, vehicles/machinery/equipment, supplies, software, uniforms, safety equipment, etc. As further reflected in your client's response to Interrogatory Nos. 13-14, DuraSeal utilizes certain materials, supplies, and equipment in its sealing process. Your client should have invoices, receipts, and/or other documents reflecting the purchase of such materials, supplies, and equipment (accounting or otherwise) in his possession, custody, or control.



Travis Sasser, Esq.
September 19, 2022
Page 2

- Your Response: "He does not have the physical receipts for these items. He simply categorized the expenses from personal bank and credit card statements."

- Our Reply: Ok, then please produce those documents (statements, marked up statements, list of categorized expenses, Quickbooks export, etc.), which are responsive to our request.

RFP No. 8 – This request asks for "[a]ll documents that reflect Your registration and use of EIN # 87-1600697." Your client produced two pages of Forms 1099-NEC. The documents produced are largely unreadable (it appears due to scanning). Please re-send a more legible version. In addition, your client produced no documents related to his registration of the above-referenced EIN, as requested, or other use of the EIN. Please supplement your production to include all responsive documents in your client's possession, custody, or control.

- Your Response: "The 1099s did print out faintly. There is no way to improve the legibility on this end."

- Our Reply: This does not respond to the second portion of the above. We also need documents/communications related to the application/registration/issuance of that EIN. Such documents should be in Mr. Halferty's possession, custody, or control, as he (or an agent of his) would have been the one that applied for the EIN and received information on registration of the EIN. To the extent he no longer has those documents in his possession, they are within his custody or control.

RFP No. 10 – This request seeks "[a]ll documents that reflect Your appointments set up or attended from January 1, 2021 to present, including but not limited to appointments set up through Acuity Scheduling Software." "You" as defined in the request includes DuraSeal and DuraSeal, Inc. Your client produced no documents responsive to this request (outside of perhaps the "DuraSeal leads" spreadsheet produced in response to RFP No. 11). Surely your client has more records in his possession, custody, or control that reflect the appointments set up or attended by DuraSeal (or DuraSeal, Inc.) representatives. For example, this may include appointment confirmation or reminder emails, records from scheduling software, documentation assigning appointments out to sales representatives, and reports/feedback on assigned appointments.

- Your Response: Supplemental production.

NSH 2535332.1



Travis Sasser, Esq.
September 19, 2022
Page 3

- Our Reply: Thank you for supplementing your production.  These start at Dec. '21.  We requested appointments set up or attended from January '21 to present, so please provide the same information for the Jan. '21 to Nov. '21 time-period.  In addition, we requested all documents that reflect the appointments set up or attended, so please provide any additional documents related to these appointments (e.g. such as internal notes related to appointments, appointment summaries, nightly reports, etc.).

  RFP No. 12 – This request seeks "[a]ll documents You sent to or received from customers (as defined above) from January 1, 2021 to present, including but not limited to paper communications, emails, and text messages."  You object to this request as overly broad and unduly burdensome and argue the requested items "are largely irrelevant."  You ask that Ever-Seal narrow its request.  The purpose of this request is to understand the representations made by Halferty and DuraSeal (or DuraSeal, Inc.) to customers related to the services provided, materials used, warranty, and competition (such as Ever-Seal).  These documents relate directly to the claims pending in this case.  We are not willing to narrow this request, but we will work with you to determine reasonable search terms.  Please provide a list of your proposed custodians and search terms.

- Your Response: "Relevant search terms regarding competition: Ever-Seal, Steve Nelson, Brad Perrigo.  Open to other suggestions.  Representations regarding service provided, materials used and warranty are presented in provided quote sheets, contracts and marketing materials."

- Our Reply:  The representations made in formal quote sheets, contracts, and marketing materials are not the only representations made.  DuraSeal also makes representations, for example, in response to specific customer questions or projects.  See below regarding proposed custodians/terms.

  o Custodians:
    - Halferty
    - All DuraSeal sales representatives (including but not limited to Morlidge, Goggins)

  o Search Terms:
    - Ever-Seal (or some version thereof)
    - Steve Nelson (or some version thereof)
    - Brad Perrigo (or some version thereof)
    - Compete, competitor, competition
    - Warranty
    - Manufacturer

NSH 2535332.1



Travis Sasser, Esq.
September 19, 2022
Page 4

- Product(s)
- Material(s)
- Better
- Cheaper
- Quicker
- Discount
- Undercut
- Fraction

    RFP No. 16 – This request seeks "[a]ll documents between You and any employee, independent contractor, or agent related to customer contracts, bids, and proposals." In response, your client produced communications from the Ever-Seal "sales" or "slack" channel. Your client produced zero documents or communications between himself and any DuraSeal (or DuraSeal, Inc.) employee, independent contractor, or agent related to customer contracts, bids, and proposals. Please immediately produce such responsive documents.

- Your Response: "Mr. Halferty objects to this as being overbroad. However, if you will identify the specific customers then the text and emails can be searched by name and date. For the most part, communications occur between the customer and sales rep without Mr. Halferty being an intermediary."

- Our Reply: You asserted no objections in response to RFP 16, so your objections have been waived at this point. Produce all responsive documents. You say most of the communications occur without Halferty being involved, so it sounds like there shouldn't be many text messages, emails, etc. to review/produce.

    RFP No. 17 – This request asks for "[a]ll documents between You and any employee, independent contractor, or agent related to Ever-Seal." Mr. Halferty produced certain text messages between himself and Bailie Morlidge, Kevin Goggins, or Brad Perrigo related to Ever-Seal. As an initial matter, these text messages do not reflect dates or the full extent of the relevant conversations (for example, see documents bates labeled 516-517, 519, 521).[1] In addition, your client produced no email communications or other form of communications outside of text messages (including but not limited to sales appointment records or reports that may reference Ever-Seal). Please confirm that those sources were searched and no responsive documents exist.

---

[1] This issue applies to many if not most of the text messages produced by Mr. Halferty. For example, the same issues apply to the text messages produced in response to RFPs No. 20-21. Please re-produce all text messages in a form that provides the date and full extent of the responsive communication.



Travis Sasser, Esq.
September 19, 2022
Page 5

- Your Response: "Appointment books have been provided. Brad Perrigo provide a brad@brand-smart.co email address but the only communications were sending Mr. Halferty's sales presentations."

- Our Reply: This does not respond to the date issue with the text messages. We did not ask for appointment books (or Brad Perrigo's email address?) in this request. We asked for confirmation that Halferty searched for and produced any/all communications – not just text messages – with DuraSeal persons regarding Ever-Seal. I don't know how Mr. Halferty communicates with his team, but this may be via emails, instant messages, some specific software, daily appointment records/reports, etc.

RFP No. 22 – This request asks for "[a]ll communications between You and Kevin Goggins from January 1, 2021 to present that pertain to your recruitment and employment of him to work with or for You." Your client produced zero responsive documents. Please identify the sources and search parameters your client used to look for responsive documents. It is undisputed that Goggins went to work for DuraSeal (or DuraSeal, Inc.) shortly after he left Ever-Seal. It is doubtful that Mr. Halferty has zero written communications with Mr. Goggins related to him going to work for Halferty, DuraSeal, or DuraSeal, Inc.

- Your Response: "Mr. Goggins switched cell service and phone numbers and Halferty deleted Goggins' old number. As a result, he cannot locate any text messages. Halferty has reached out to Goggins, to inquire whether he has access to those messages but Mr. Goggins is on a six-week trip out west."

- Our Reply: Can't Goggins tell Halferty his old number and Halferty search that way?

\*          \*          \*

Please respond to this letter on or before **Friday, September 23, 2022**.

Sincerely,

/s/ Breanna Spackler

Breanna Spackler

cc:    Stephen Zralek, Esq.
       Brian Anderson, Esq.

# Exhibit D

| | |
|---|---|
| **From:** | Travis Sasser |
| **To:** | Zralek, Stephen |
| **Cc:** | Anderson, Brian R.; Spackler, Breanna |
| **Subject:** | [EXTERNAL] Re: Ever-Seal/Halferty: written discovery deadlines postponed |
| **Date:** | Friday, September 23, 2022 12:41:13 PM |

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Yes I will.
Travis

On Thu, Sep 22, 2022 at 5:06 PM Zralek, Stephen <szralek@spencerfane.com> wrote:

> Thanks Travis.  I know we're also agreeing to mutually postpone the deadline to respond to written discovery.  But I know you've been gathering documents responsive to our 2 letters – will you go ahead and send us those as you receive them?
>
>
> Thanks,
>
> Stephen
>
>
> **Stephen J. Zralek**  Partner
> Spencer Fane Bone McAllester
>
> ─────────────
>
> 511 Union Street, Suite 1000 | Nashville, TN 37219
> **O** 615.238.6305
> szralek@spencerfane.com | spencerfane.com | Bio
>
>
>
> **From:** Travis Sasser <travis@sasserbankruptcy.com>
> **Sent:** Thursday, September 22, 2022 2:19 PM
> **To:** Anderson, Brian R. <BRAnderson@foxrothschild.com>
> **Cc:** Zralek, Stephen <szralek@spencerfane.com>
> **Subject:** [EXTERNAL] Re: Ever-Seal/Halferty
>
>
> **[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Yes that is our agreement. The 2nd and 3rd attachments came through a bit unusual on my end. The 1st pages are fine

but then lots of blank pages. Would you mind looking at that and perhaps resend?

Travis


On Thu, Sep 22, 2022 at 3:09 PM Anderson, Brian R. <BRAnderson@foxrothschild.com> wrote:

> Travis,
>
> Attached is a draft joint motion to extend deadlines and proposed order for your review. Please let us know if you have any suggested changes.
>
> I also want to confirm our agreement from yesterday that Halferty's deposition next week can be cancelled and that Halferty agrees that in the unlikely even the court will not modify the schedule, Halferty will sit for a deposition once all documents have been produced.  Please confirm.
>
> Thanks,
>
> Brian
>
> **Brian R. Anderson**
> Certified Specialist in Business Bankruptcy Law
>
> Partner
> **Fox Rothschild LLP**
> 230 N. Elm St.
>
> Suite 1200
> Greensboro, NC 27401
> (336) 378-5205 - direct
> (336) 378-5400 - fax
> BRAnderson@foxrothschild.com
> www.foxrothschild.com

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

--

**Travis Sasser**

**Bankruptcy Attorney**

**Sasser Law Firm**

**2000 Regency Parkway, Suite 230**

**Cary, North Carolina 27518**

**Tel: 919.319.7400**

**Fax: 919.657.7400**

**Web site: sasserbankruptcy.com**

--
**Travis Sasser**
**Bankruptcy Attorney**
**Sasser Law Firm**
**2000 Regency Parkway, Suite 230**
**Cary, North Carolina 27518**
**Tel: 919.319.7400**
**Fax: 919.657.7400**
**Web site: sasserbankruptcy.com**

# Exhibit E

| | |
|---|---|
| **From:** | Nelson, Kip D. |
| **To:** | Garrett Davis |
| **Cc:** | Placey, Sean |
| **Subject:** | RE: [EXT] Fwd: 22-00050-5-DMW Notice of Hearing |
| **Date:** | Tuesday, October 17, 2023 6:39:50 PM |
| **Attachments:** | Sep. 19_ 2022 Letter re 2d RFPs-c-C.pdf |

Attached is the letter that was previously sent regarding Mr. Halferty's responses. My understanding is that Mr. Sasser agreed to provide the requested supplementation but did not. Do you have that?

On our end, I was planning to respond to the "Sasser" requests as the same time as the discovery responses (that I believe are due next week). Are you saying that you need documents before then for some reason?

-Kip

---

**From:** Garrett Davis <gd@garrettdavislaw.com>
**Sent:** Tuesday, October 17, 2023 3:54 PM
**To:** Nelson, Kip D. <KNelson@foxrothschild.com>
**Subject:** [EXT] Fwd: 22-00050-5-DMW Notice of Hearing

If we are going to be there on Oct 31 anyway, please send me a Rule 37 letter if you have any issues with the documents or interrogatory responses served in the AP before my appearance.

Also, I'm going to file a Motion to Compel regarding the "Sasser" requests unless I hear back. Even though the pre-trial motion deadline is Nov 11, travel cost wise, it is more efficient to have any motions to compel heard on the same day (assuming they calendar it).

**Garrett L. Davis, Atty.**
555 S. Mangum St. Ste. 100
Durham, NC 27701
gd@garrettdavislaw.com
919.321.1203

---------- Forwarded message ---------
From: <NCEB_NOF@nceb.uscourts.gov>
Date: Tue, Oct 17, 2023 at 3:39 PM
Subject: 22-00050-5-DMW Notice of Hearing
To: <NCEB_BNC@nceb.uscourts.gov>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy**

**permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Eastern District of North Carolina

Notice of Electronic Filing

The following transaction was received from Donleycott, Sarah entered on 10/17/2023 at 3:37 PM EDT and filed on 10/17/2023

| | |
|---|---|
| **Case Name:** | Ever-Seal, Inc. v. Halferty |
| **Case Number:** | 22-00050-5-DMW |
| **Document Number:** | 90 |

**Docket Text:**
Notice of Hearing (related document(s): [87] Defendant's First Motion for Preliminary Evidence Ruling Rule of Evidence 104 filed by Garrett L Davis on behalf of Stephen Bradley Halferty) Hearing scheduled for 10/31/2023 at 11:00 AM at Raleigh Courtroom (3rd Floor) (Donleycott, Sarah)

The following document(s) are associated with this transaction:

**22-00050-5-DMW Notice will be electronically mailed to:**

Brian R. Anderson on behalf of Counter-Defendant Ever-Seal, Inc.
BRAnderson@foxrothschild.com, pwilliams@foxrothschild.com

Brian R. Anderson on behalf of Plaintiff Ever-Seal, Inc.
BRAnderson@foxrothschild.com, pwilliams@foxrothschild.com

Garrett L Davis on behalf of Counter-Claimant Stephen Bradley Halferty
gd@garrettdavislaw.com

Garrett L Davis on behalf of Defendant Stephen Bradley Halferty
gd@garrettdavislaw.com

Kip D. Nelson on behalf of Counter-Defendant Ever-Seal, Inc.
knelson@foxrothschild.com, kcrouch@foxrothschild.com

Kip D. Nelson on behalf of Plaintiff Ever-Seal, Inc.
knelson@foxrothschild.com, kcrouch@foxrothschild.com

Travis Sasser on behalf of Defendant DuraSeal, Inc.
travis@sasserbankruptcy.com,
sasserlaw230@gmail.com;SasserTR70250@notify.bestcase.com;SasserLawFirm@jubileebk.net

Breanna Spackler on behalf of Plaintiff Ever-Seal, Inc.
bspackler@spencerfane.com

Stephen J. Zralek on behalf of Plaintiff Ever-Seal, Inc.
jtrapp@spencerfane.com

**22-00050-5-DMW Notice will not be electronically mailed to:**

Jeffrey A Batts
103 Candlewood Rd.
Rocky Mount, NC 27804