# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### Adversary Proceeding #: 22-00050-5-DMW

| | |
|---|---|
| EVER-SEAL, INC. ) | |
| ) | |
|    Plaintiff, Counterclaim Defendant ) | |
| v. ) | **SUPPLEMENT TO FILING** |
| ) | |
| STEPHEN BRADLEY HALFERTY ) | |
| ) | |
|    Defendant, Counterclaim Plaintiff ) | |
| ) | |

     Pursuant to 22-00050-5-DMW Court Minutes (11/14/23) and the related continued hearing on DE # 95 [Motion to Compel Documents] currently scheduled for November 21, 2023, Defendant submits the following supplemental exhibits.

- Exhibit A: Excerpt from Ever-Seal Inc.'s Rule 26(a) Disclosures (Documents to Support Claims and Documents to Support Damages)
- Exhibit B: August 24, 2023 Email (re: Disclosures in EDNC 5:23-cv-00096)
- Exhibit C: September 2022 Document Requests – September 2023 Rule 37 Letter

Respectfully submitted the 14th day of November 2023.

                                               */s/ Garrett L. Davis*
                                               **Law Office of Garrett Davis, PLLC**
                                               Garrett L. Davis
                                               NC Bar # 52605
                                               555 S. Mangum St. Ste. 100
                                               Durham, NC 27701
                                               gd@garrettdavislaw.com

**Exhibit A: Excerpt from Ever-Seal Inc.'s Rule 26 (a) Disclosures (Documents to Support Claims and Documents to Support Damages)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STEPHEN BRADLEY HALFERTY, ) | CASE NO. 22-00101-5-DMW |
| ) | CHAPTER 13 |
| Debtor. ) | |
| _____) | |
| EVER-SEAL, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| STEPHEN BRADLEY HALFERTY ) | ADV. PROC. No. 22-00050-5-DMW |
| d/b/a DURASEAL ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S RULE 26 (a)(1) INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Ever-Seal, Inc. ("Plaintiff" or "Ever-Seal"), by and through the undersigned counsel, hereby provides the following initial disclosures:

## PRELIMINARY STATEMENT

These initial disclosures are based on information reasonably available to Plaintiff at this time and are made without prejudice to Plaintiff's right to introduce during discovery and/or at any hearing or trial any evidence that is subsequently discovered, and to produce and introduce all evidence, whenever discovered, relating to proof of material facts. Moreover, facts, documents and things now known may be imperfectly understood, and accordingly such facts, documents and things may not be included in the following disclosures. Plaintiff reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all facts, documents and things notwithstanding the initial disclosures herein. Plaintiff also reserves the right to revise, correct, supplement or clarify any of the disclosures herein.

1

Duraseal's employees and contractors, including but not limited to those who formerly worked for Ever-Seal, who are expected to have knowledge about Duraseal's training of employees and contractors, and development of Duraseal's business structure, industry relationships, equipment, assets, marketing, and customers.

Those identifies in Duraseal's Initial Disclosures and Discovery Responses.

2. Rule 26(a)(1)(B) Documents: A copy of – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**DISCLOSURE: The parties have already exchanged some documents throughout the course of these proceedings. Accordingly, documents already produced may be relied upon, but will not be re-produced here.[1] Documents produced are done so pursuant to the Stipulated Protective Order (DE 36).**

Ever-Seal will make available for inspection and copying responsive documents. Ever-Seal will likely use its files maintained in the normal course of business as well as any other records regarding the Defendant that are kept at Ever-Seal's place of business in the following categories:

- Ever-Seal application and human resource files.
- Ever-Seal training materials.
- Ever-Seal marketing materials.
- Ever-Seal product and process manuals, guidelines, and/or specifications.
- Ever-Seal customer and prospective customer information.
- Ever-Seal accounting information.
- Ever-Seal vendor information.
- Ever-Seal communications.
- Ever-Seal employment agreements.
- Communications between Defendant Halferty and Ever-Seal customers and representatives.
- Competitive documents from Defendants Halferty and Duraseal.

Ever-Seal's specialized and proprietary equipment, sales presentation, and sales forms, as well as comparable competitive documents from Duraseal (Ever-Seal 000001-120).

---

[1] Documents produced by Defendant Halferty (Halferty 000001-001191).

**Plaintiff will produce the above-referenced documents and other non-privileged documents pursuant to the Protective Order to the extent they are relevant to the underlying litigation and reasonably requested through discovery, and to the extent an appropriate protective order is put into place. The ESI protocol and production plan will supplement the above.**

3. Rule (26)(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

   **DISCLOSURE:**

   **Ever-Seal is seeking compensatory and punitive damages. Ever-Seal seeks damages resulting from Halferty and Duraseal's actions, including actual damages for steps Ever-Seal took to remedy the harm caused by the Defendants, lost profits from existing and potential customers, administrative, marketing, recruiting, and training costs, lost customer relationships and good will, and other harm suffered. Ever-Seal also seeks to have Halferty disgorged of any profit or benefit he received as a result of his disloyal activities, including without limitation all compensation paid to him by or through Duraseal and all compensation paid to him by Ever-Seal during his breaches. Ever-Seal also seeks punitive damages and attorneys' fees. These damage amounts are currently unknown as investigation, and discovery are ongoing.**

   **Ever-Seal further seeks temporary, preliminary, and permanent injunctive relief prohibiting Defendants, and all those acting in concert with them, from engaging in conduct that competes with Ever-Seal, from using or disclosing Ever-Seal's unique and specialized Confidential Information and Materials, and from interfering with Ever-Seal's prospective business relations.**

4. Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Exhibit B: August 24, 2023 Email (re: Disclosures in EDNC 5:23-cv-00096)**



Garrett Davis <gd@garrettdavislaw.com>

## Re: [EXT] Re: Ever-Seal/DuraSeal
1 message

**Garrett Davis** <gd@garrettdavislaw.com>  Thu, Aug 24, 2023 at 1:43 PM
To: "Nelson, Kip D." <KNelson@foxrothschild.com>

Kip,

I reviewed the initial disclosures again today.

It says these materials may be obtained via counsel. Please provide a link for documents you have regarding the following disclosures. If you do not have any documents that fall within these categories of documents in your current possession, please request them and send a link as soon as possible before Monday.

- Mr. Halferty's personnel file and employment agreement
- Ever-Seal training and marketing materials
- Ever-Seal product and process manuals, guidelines, and/or specifications
- Ever-Seal customer and prospective customer information
- Ever-Seal accounting information
- Ever-Seal vendor information.

I saw I did not reply to your earlier email thanking me for being flexible, so you're welcome and I appreciate you being flexible as well.

Thanks,

Garrett



**Garrett L. Davis, Atty.**

555 S. Mangum St. Ste. 100

Durham, NC 27701

gd@garrettdavislaw.com

919.321.1203

**Exhibit C: September 2022 Document Requests to Ever-Seal – September 2023 Rule 37 Letter to Ever-Seal**



gd@garrettdavislaw.com | 919-321-1203 | 555 S. Mangum St. Ste. 100, Durham, NC 27701

**September 21, 2023**

**VIA EMAIL ONLY**

knelson@foxrothschild.com

**Re: Rule 37 - Ever-Seal - Adversary Proceeding**

Kip,

This letter is being sent because of the recently reopened discovery period in the AP proceeding. As indicated during the hearing, I have several follow-up requests based on the deposition and based on the discovery requests you objected to earlier in the year on the basis that the discovery period was closed. However, those requests are withdrawn, and you should have new Interrogatories and Requests for Production soon with adequate time for response, and any discussion or supplementation prior to the November deadline for pre-trial motions.

In September of 2022, nine requests for production were served by Travis Sasser. They were sent to the TN attorneys and are attached to this letter. [Attachment A]

Based on a review of the documents you sent in May of this year and the file provided by Mr. Sasser's firm, this is my assessment.

**<u>Your client 100% completely failed to respond to or object to these discovery requests , nor did they produce any responsive documents whatsoever.</u>**

The only bates labeled documents from Ever-Seal I have are the sales presentation slides and some forms. **Ever-Seal 0-118** Those documents are completely non-responsive to any of the nine discovery requests served by Mr. Sasser. An immediate response with the original email (in native electronic from) from the TN attorneys transmitting a timely served pdf of objections and responses to Mr. Sasser's 9 requests must be provided or I will consider any objections waived.

However, none of these requests are objectionable. They are all reasonably calculated to lead to the discovery admissible evidence regarding the claims, defenses, and counterclaim in this action.

They are set forth in full below with brief comment.

1. **"The Plaintiff's tax returns for 2019, 2020 and 2021."**
   - Relevant to Ever-Seal's currently unsubstantiated assertion that Mr. Halferty caused a loss of ▅▅▅▅▅▅ dollars. See Deposition.

2. **"All emails sent and received by the Defendant through January 2022 through the Plaintiff's email."**
   - These are just Mr. Halferty's work emails.

3. **"Profit and loss statements of Plaintiff for 2020, 2021 and the first four months of 2022"**
   - Same as #1. Mr. Nelson claims that Mr. Halferty caused Ever-Seal to lose ▅▅▅ ▅▅▅▅▅▅▅▅▅. See Deposition. ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅▅▅▅.

4. **"IRS Misc. form 1099 and/or W2 forms for all salespersons issued in 2020 and 2021."**
   - Relevant to Halferty's counterclaim, contract, and equity-based defense positions.

5. **"Pay advices for salespersons for 2020, 2021 and the first four months of 2022."**
   - Evidence of salesperson compensation is reasonably calculated to lead to the discovery of admissible evidence regarding ▅▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅.

6. **"Communications (including invoices) between Plaintiff and its marketing advertising vendors between June 2021 and December 2021."**
   - These vendors include, but are not limited to
     - Stable Genius marketing
     - The Home Mag
     - The printing company that prints the door hanger tags that were labeled as "Confidential" (Ever-Seal 108)
     - Google

7. **"Defendant's compensation worksheets issued by Plaintiff."**
   - Mr. Nelson knows what this is and as an employer, he has a wage and hour duty to keep this information. It is relevant to Mr. Halferty's counterclaim for unpaid commission.

8. **"A list of all Plaintiff's customers and zip codes in North & South Carolina from June 1, 2021-January 2022."**
   - This is straightforward. Mr. Nelson stated in his deposition that he uses a software program called G-Suite and also has a CRM named funnel maker. In short, it is

2023, all of your clients damage theories come back to this notion that they would have gotten customers, and Ever-Seal has customer databases. These records can easily be produced without burden in native electronic format.

9. **"Plaintiff's application and human resource files on Defendant."**
   - This is also a straightforward request in an employee employer lawsuit like this one. I do not understand why it was not produced.

Please let me know when you believe you will be able to produce these records.

If the requested records are not produced in 10 days or I do not receive a written statement as to what Ever-Seal is going to produce in response to these requests, I will file a Motion to Compel. I want that Motion to Compel to be separate from any future motion to compel based on the forthcoming discovery requests because I did not serve the original 9 RPDs. And if Ever-Seal did not timely object to Sasser's requests, it will be easier to show that such failure to object was prior to our appearances.

Garrett

*Attachment 1: 9.7.22 Requests for Production*

*Attachment 1: 9.7.22 Requests for Production*

---------- Forwarded message ---------
From: **Travis Sasser** <travis@sasserbankruptcy.com>
Date: Tue, Sep 6, 2022 at 6:12 PM
Subject: Ever-Seal v. Halferty
To: Zralek, Stephen <szralek@spencerfane.com>
Cc: Anderson, Brian R. <BRAnderson@foxrothschild.com>, Spackler, Breanna <bspackler@spencerfane.com>, Zralek, Stephen <szralek@spencerfane.com>


Attached.are Defendant's request for production of documents.
Travis

**Travis Sasser**
**Bankruptcy Attorney**
**Sasser Law Firm**
**2000 Regency Parkway, Suite 230**
**Cary, North Carolina 27518**
**Tel: 919.319.7400**
**Fax: 919.657.7400**
**Web site: sasserbankruptcy.com**


--
**Travis Sasser**
**Bankruptcy Attorney**
**Sasser Law Firm**
**2000 Regency Parkway, Suite 230**
**Cary, North Carolina 27518**
**Tel: 919.319.7400**
**Fax: 919.657.7400**
**Web site: sasserbankruptcy.com**

One attachment • Scanned by Gmail


HalfertyRPD.pdf

**<u>CERTIFICATE OF SERVICE</u>**

      I certify that on November 14, 2023, I served a copy of this document on Plaintiff's Counsel of Record via the Court's ECF system.

                                                                      */s/ Garrett L. Davis*

Kip Nelson
Brian R. Anderson
Fox Rothschild LLP
230 N. Elm Street
Suite 1200
Greensboro, NC 27401
336-387-5205
knelson@foxrothschild.com
branderson@foxrothschild.com